*M. L. Ledford* and *Titus & Dekle,* for defendants.

---

BANK OF PENFIELD *v.* COLCLOUGH.

ATKINSON, J. 1. When the case was before this court on exception to a judgment refusing an interlocutory injunction (*Colclough* v. *Bank of Penfield,* 150 *Ga.* 316, 103 S. E. 489), the following ruling was announced: " If the fears or affections of a father for his son are wrought upon by threats of a criminal prosecution of the son, and the father is thereby induced and coerced, against his will, to execute his promissory note and a security deed to land in order to prevent such threatened prosecution, there is duress as to the father, even though the threatened prosecution be for a crime which has been committed by the son; and such instruments are void, and may be canceled in a proper proceeding at the instance of the maker. In such a case the rule does not apply that if parties voluntarily enter into a contract to suppress a criminal prosecution they are in pari delicto, and neither a court of law nor equity will interpose to give relief to either party. Civil Code, §§ 4116, 4255; *Jordan* v. *Beecher,* 143 *Ga.* 143 (84 S. E. 549, L. R. A. 1915D, 1122); *Hodges* v. *Citizens Bank of Sylvania,* 146 *Ga.* 624 (92 S. E. 49); Williamson-Halsell-Frazier Co. *v.* Ackerman, 77 Kan. 502 (94 Pac. 807, 20 L. R. A. (N. S.) 484)."

2. Other principles held applicable in the case were: " ' The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant.' Civil Code, § 5965. The evidence for the petitioner, if true, showed that the judgment sought to be set aside was obtained by such duress as amounted to a species of fraud (9 R. C. L. 711, 728), and by ' the acts of the adverse party, unmixed with the negligence or fault of the complainant.' ' Fraud will authorize a court of equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition.' Civil Code, § 4629."

3. Under application of these principles the petition alleged sufficient grounds for injunction and cancellation as prayed.

4. By amendment to the petition the president of the bank was stricken as a party defendant, thus leaving as the only parties to the case the plaintiff and the bank. There was no improper joinder of parties; and the suit being in equity, there was no improper joinder of causes of action.

5. In view of the nature of the threats alleged to have been made both to the father and the mother, the allegations of paragraphs 4, 5, 6, 8, and 11, relative to such threats being made to the mother, were not subject to demurrer on the ground that they were not germane to the issue involved.

6. For similar reasons it was not error to overrule the demurrer to paragraph 13 of the petition, relating to the transaction between the bank and the plaintiff's daughter. The allegations contained in this paragraph were not necessary to be alleged by the plaintiff; but as they tended to illustrate the extent of the duress practiced on the plaintiff, they were not wholly immaterial or improper.

7. In so far as the petition sought to have a receiver for the property conveyed by the plaintiff to the bank, a cause of action for such relief was alleged; but no sufficient ground was alleged for appointing a receiver for other assets of the bank as an insolvent institution.

8. Except as indicated above, the petition as amended was not subject to any of the grounds of demurrer.

9. Applying the principles ruled in the preceding notes, the judgment of the court below is affirmed in all respects, except in so far as it overruled the demurrer to that part of the petition seeking a receiver for the general assets of the bank. As to the judgment overruling the demurrer to that part of the petition such judgment is reversed. The plaintiff in error having obtained a material modification of the judgment, the cost of bringing the case to the Supreme Court will be taxed against the defendant in error.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 2853. SEPTEMBER 20, 1922.

Equitable petition. Before Judge Park. Greene superior court. September 3, 1921.

The action was instituted by J. M. Colclough against the Bank of Penfield, a corporation organized under the laws of the State of Georgia, and A. J. Boswell, who was the president of the bank. The petition was filed January 7, 1919, and as amended alleged the following in substance: On December 31, 1911, the bank through Boswell, its president, informed the petitioner that his son James Colclough, who was cashier of the bank, had embezzled from the bank the sum of $3000; and that unless petitioner and petitioner's wife, now deceased, would reimburse the bank, he as its president would swear out a warrant for the arrest of petitioner's son and prosecute him for embezzlement. Neither peti-

tioner nor his wife had any such sum of money; and upon being so informed, the president demanded that petitioner execute to the bank his promissory note for $1800, secured by a deed to all the land petitioner owned, and that petitioner's wife should execute her note to the bank for the sum of $1200, secured by a deed to all the land she owned; and stated to petitioner that unless such notes and deeds should be executed to the bank, he as president would have petitioner's son arrested and prosecuted for embezzlement. Petitioner was an old man and in feeble health, and his wife was confined to her bed with a fatal illness from which she never recovered. Petitioner's fears and affections having been excited by the threats so made by Boswell, and being fearful for the safety of his son, petitioner and his wife executed separate notes and security deeds to the bank, in accordance with the above stated demands. The land so conveyed by petitioner was fully described, and alleged to be of the value of $10,000. While under duress of the threats above mentioned, petitioner paid interest on his note, and, not being able to pay the principal, renewed the note until January 1, 1914, and paid one installment of interest on the note given in renewal. Finally the bank refused to renew the note further, and brought suit on the same; and petitioner, being deterred by the above-mentioned threats to prosecute his son, suffered judgment to be entered against him by default, and while still under duress suffered the land to be levied on by the sheriff and sold under an execution based on the judgment. The land was bid in by the bank at the sheriff's sale on May 5, 1914, for the amount of petitioner's note, and the sheriff executed a deed to the purchaser on May 5, 1914, and the purchaser entered into possession of the land. On account of the duress practiced on petitioner as stated above, the notes and deeds to the bank, and as well the judgment obtained thereon and the deed from the sheriff to the bank, are all void and should be canceled as clouds on petitioner's title. The bank has continuously remained in possession of the land, and has become indebted to petitioner in the sum of $5000 on account of rents and profits. After the bank took possession of the land it entered into an agreement with petitioner's two daughters, Estelle and Annie, whereby the bank should convey the land to them if they would pay the alleged shortage of their brother James, and on

the faith of such agreement secured from petitioner's daughters the sum of $2000, and thereafter failed to convey the land to them or to return any part of the $2000. The bank is also due petitioner $288, the amount of the interest unlawfully collected from him, and the further sum of $1500 as damages on account of depreciation of the land and improvements thereon, due to the negligent handling of the same by the bank. The bank has ceased to do business, and is liquidating its assets, and, unless restrained, will soon dissipate its resources and be unable to repay petitioner. The prayers were: (a) for cancellation, etc.; (b) for a money judgment against the bank for the amounts above stated; (c) for injunction against the bank and its president, to prevent the alienation or encumbrance of the property; (d) for a receiver to take charge of the land and all the assets of every kind of the bank until the further order of the court; (e) that petitioner be restored to possession of the land; (f) for process and general relief.

By amendment the following was alleged: Petitioner was prevented from taking action against the judgment obtained by the bank and the sale of the land thereunder, on account of the fear of the prosecution of his son, until the statute of limitations had run against the alleged crime of embezzlement. During the time of petitioner's coercion and duress the statute limiting the time to set aside judgments to be brought to three years from the rendition of the judgment was tolled. Petitioner instituted an action to recover the land and mesne profits to the July term, 1918, in the form of ejectment; but being advised by counsel that such action was not proper, the suit was dismissed by him on January 1, 1919, and the costs paid, and this action filed immediately. The ejectment suit was brought within the time allowed by law; and this action, which is a renewal of the ejectment suit, was brought within six months after the ejectment suit was dismissed. The foregoing amendment was allowed June 14, 1919. A second amendment, which was allowed July 25, 1921, after the case was brought to the Supreme Court on a bill of exceptions to the refusal to grant an interlocutory injunction, alleged the following in substance: A copy of the petition filed by the plaintiff in the ejectment suit was attached as exhibit A. It was an action by the plaintiff against the Bank of Penfield to recover the same land,

and this pending suit was substantially the same cause of action between the same parties, and is a renewal instituted within six months after dismissal of the first action, and was brought in accordance with the provisions of Civil Code, § 4381. The president of the bank individually was stricken as a defendant. The pleadings, verdict and judgment in the suit on the note by the bank were attached and as well a copy of the sheriff's deed. The petition in the ejectment suit was in regular form containing one demise laid in the name of J. M. Colclough, the petitioner in the equity suit.

The grounds of demurrer were: (*a*) the petition sets forth no cause of action; (*b*) the allegations as to duress are insufficient for that purpose, in that there is no allegation that a warrant was issued or that petitioner's son was under arrest, nor is it alleged that the charge of embezzlement was in fact true, and that the threat of prosecution was not an idle threat without any color of power to make it effective; (*c*) multifariousness and misjoinder of defendants, in that an action for the recovery of land and mesne profits is combined with an action for the appointment of a receiver, and with an action for recovery of damages to real estate, and with an action for the cancellation of clouds on title, and with an action for money had and received as payments of interest, some of which alleged wrongs were done by one defendant, in which the other defendant had no part; (*d*) misjoinder of actions, because legal and equitable causes are joined, and actions sounding in contract are joined with those sounding in tort; (*e*) the petition seeks to appoint a receiver for a State bank, which is unauthorized because (1) such right of action rests in the State, (2) the petition shows that the petitioner is not a lien creditor, and (3) the petition fails to show what are the assets of the bank and to show that petitioner is a stockholder; (*f*) the petition shows that the issues sought to be raised may have been raised in a previous suit between the same parties, and that plaintiff is estopped on account of previous actions alleged; (*g*) the petition is too vague and indefinite as an action for the recovery of damages to real estate or for mesne profits, in that two separate and distinct tracts of land are involved, and the damages and mesne profits claimed are not separated according to each tract, nor any bills of particulars given; (*h*) the allegations of paragraphs 4, 5, 6, 8,

and 11, as to the transactions between petitioner's wife and the defendant bank are not germane; (*i*) the allegations of paragraph 13 as to transactions between petitioner's daughters and the defendant bank are immaterial, and fail to set forth the agreement between the daughters and the bank with sufficient definiteness; (*j*) the deeds, notes, suit, judgment and execution thereon, and the sheriff's deed are not set forth by exhibit or otherwise; (*k*) as an action to cancel the deed made by the sheriff as a cloud on title, the petition is insufficient, because the sheriff is not made a party defendant; (*l*) the claim for recovery of money paid out as interest appears to be barred under the four-year statute of limitation; (*m*) the allegations as to damages by mismanagement of the land are too indefinite to be the basis of a cause of action; (*n*) the petitioner has an adequate remedy at law.

A second demurrer to the petition as finally amended was filed, raising the following points: (*a*) the petition as amended does not allege a cause of action; (*b*) the petition shows that it is an effort to set aside the judgment of a court of competent jurisdiction, and an action brought more than three years from the date of the judgment was barred by the statute of limitations; (*c*) the suit in ejectment was no more than a collateral attack upon the judgment on the note, whereas the present suit involves a direct attack upon the judgment, and therefore the present action is not a renewal of the former action; (*d*) the present suit prays for the setting aside of the judgment and certain deeds, and for appointment of a receiver and other equitable relief, none of which were involved in the ejectment suit, and for these reasons the present suit is a different cause of action; (*e*) the present action is brought after the prosecution of the crime of embezzlement has become barred by the statute of limitations, and therefore this suit is now barred.

The demurrers to the petition as amended were overruled, and the defendant excepted.

*J. S. Callaway, Miles W. Lewis,* and *Noel P. Park,* for plaintiff in error.

*M. P. McWhorter, S. C. Upson,* and *Callaway & Howard,* contra.