#24124, #24194-aff in pt, rev in pt & rem-SLZ
**2008 SD 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

SHERWYN B. ZEPHIER, et al.,                    Plaintiffs and Appellants,

     v.

CATHOLIC DIOCESE OF SIOUX FALLS;
BLUE CLOUD ABBEY; SISTERS OF THE
BLESSED SACRAMENT; AND OBLATE
SISTERS OF THE BLESSED SACRAMENT,        Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA
* * * *

HONORABLE BRADLEY G. ZELL
Judge

* * * *

GREGORY A. YATES of
Law Offices of Gregory A. Yates, PC
Rapid City, South Dakota

GREGORY A. YATES of
Law Offices of Gregory A. Yates, PC            Attorneys for plaintiffs
Encino, California                             and appellants.

JEREMIAH D. MURPHY of
Murphy, Goldhammer & Prendergast, LLP
Sioux Falls, South Dakota

CHARLES GOLDBERG
Rothgerber Johnson & Lyons, LLP
Denver, Colorado

ERIC V. HALL of
Rothgerber Johnson & Lyons, LLP                Attorneys for defendant
Colorado Springs, Colorado                     and appellee Catholic Diocese.

* * * *

ARGUED ON OCTOBER 1, 2007
OPINION FILED **06/25/08**

ERIC SCHULTE of
Davenport, Evans, Hurwitz
  & Smith, LLP
Sioux Falls, South Dakota

ROBERT STICH of
Stich, Angell, Kreidler
  & Dodge, PA                          Attorneys for defendant and
Minneapolis, Minnesota                 appellee Blue Cloud Abbey.

MICHAEL J. FORD
DYAN J. EBERT
HEIDI N. THOENNES of                   Attorneys for defendant and
Quinlivan & Hughes, PA                 appellee Oblate Sisters of the
St. Cloud, Minnesota                   Blessed Sacrament.

CHRISTOPHER W. MADSEN
THOMAS J. WELK of                      Attorneys for defendant and
Boyce, Greenfield, Pashby & Welk, LLP  appellee Sisters of the
Sioux Falls, South Dakota              Blessed Sacrament.

#24124, #24194

ZINTER, Justice

[¶1.]        Seventy-two former students of St. Paul's School brought suit against four entities claiming that they were responsible for mental, physical and/or sexual abuse during the years 1947-1954 and 1958-1973. The circuit court granted summary judgment in favor of all defendants, concluding that a statute of limitations barred the claims. Thereafter, ten of the students moved to amend the complaint attempting to show a timely filing. Before the circuit court's ruling on the motion to amend, nine of the students filed this appeal. Notwithstanding the filing of the appeal, the circuit court held a hearing on the merits and denied the motion to amend. The nine students now appeal the dismissal of their sex abuse claims and the denial of their motion to amend. We affirm in part, reverse in part, and remand.

I

[¶2.]        The former students attended St. Paul's School (School) in Marty, South Dakota, located on the Yankton Sioux Reservation. Students allege that the Catholic Diocese of Sioux Falls operated the School; and Blue Cloud Abbey, Sisters of the Blessed Sacrament, and the Oblate Sisters of the Blessed Sacrament provided teachers and staff. It is undisputed that in 1975, the School was closed as a Roman Catholic school and was relinquished to the tribal government of the Yankton Sioux Tribe. The following year, the School's assets were transferred to the Marty Indian School Board, Inc. No claim is made against the Tribe or the Marty Indian School Board.

-1-

[¶3.]        The complaint provides no specifics, such as the names of the alleged abusers, when and where the abuse occurred, or the nature of the students' claimed injuries.  After some discovery, Defendants moved for summary judgment on the sex abuse claims[1] arguing that the statute of limitations had expired.  The circuit court granted Defendants' motion, concluding students did not present sufficient evidence that the "time the victim[s] discovered or reasonably should have discovered that the injury or condition was caused by the [abuse]" occurred within three years of commencing the suit as required in SDCL 26-10-25.  The circuit court reasoned that Defendants' initial showing reflected that the three-year statute had expired, and the students' responsive affidavits failed to satisfy their burden of demonstrating a disputed issue of fact in avoidance of the statute of limitations defense.  The court stated:

> [A]s a matter of law, [Defendants] ha[ve] demonstrated that [students] have filed all their claims beyond the time allowed by . . . 26-10-25 and, therefore, [students] have the burden of demonstrating that an exception to these statutes of limitations will excuse [their] untimely filing.  Furthermore, the [c]ourt determines, as a matter of law, that [students] have failed to set forth specific facts in their Affidavits as required by SDCL 15-6-56(e) and have failed to present any evidence to support any exception to the applicable statute of limitations.

SDCL 26-10-25 is a "discovery" statute, and with respect to the students' responsive showing regarding the discovery of their injuries, the circuit court elaborated:

> The facts provided by the complaint, the interrogatory answers, depositions and affidavits are absolutely void of any specific

---

1.     The circuit court dismissed all of the non-sex abuse claims, concluding that students failed to timely commence their suit on those claims in accordance with the personal injury statute of limitations in SDCL 15-2-14(3) (1984). That ruling has not been appealed.

information. The affidavits are boiler plate and generally set forth in conclusory fashion that the [students] discovered the condition resulting from the conduct within the last three years but does not detail specifically when the discovery was made; how the connection was made; and where this discovery took place. Because there is no specific factual information provided by the [students], SDCL 26-10-25 cannot provide an exception to the statute of limitations defense against the [students'] claims based on sexual abuse.[2]

---

2. The circuit court's observation of the students' responsive showing was correct. These students, like the majority of the seventy-two plaintiffs in this case, submitted nearly identical affidavits resisting summary judgment. Only one affidavit was dated, and all contained the identical factual averments as the plaintiffs in *One Star v. St. Francis Mission*, 2008 SD 55, ¶22, __ NW2d __. Other than disclosing the students' different ages when the alleged abuse occurred, the affidavits are wholly conclusionary. Every student merely alleged the identical factual assertion that "[s]ince I have been involved in this lawsuit I have had discussion with other victims of the abuse. As a result many memories have been revived and some abuse events recalled for the first time by me and I am now for the first time aware of the many altering affects that the abuse has had on me." The affidavits provide no facts about the abuse; no facts about the nature of the alleged "altering affects"; no facts relating where and when the discussions occurred or who was present during those discussions; or any specifics about the discussions. The affidavits declared that "additional specifics surrounding the abuse will be set forth in more detail in my deposition, when it is taken in this case or when I testify at trial in this case."

This type of undated, identical, boilerplate affidavit is inadequate to meet the requirements of SDCL 15-6-56(e). *See* Baatz v. Arrow Bar, 452 NW2d 138, 140 (SD 1990) (stating: "Mere allegations that are devoid of specific facts will not prevent the issuance of summary judgment."); Casazza v. State, 2000 SD 120, ¶14, 616 NW2d 872, 876 (noting, "[u]nder SDCL 15-6-56(e), the opposing party [must] be diligent in resisting a motion for summary judgment, and mere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment." Even though "we believe the actions alleged against Defendant would be deplorable, our feelings for what Plaintiff possibly has gone through should not override our obligations on this appeal.").

Nevertheless, as is discussed hereinafter, the students' failure to respond with legally sufficient affidavits is of no consequence because the Defendants' showing in support of their motion for summary judgment was insufficient to

(continued . . .)

-3-

The circuit court finally concluded that fraudulent concealment and estoppel by duress were not supported by the record, and that estoppel by duress was not a viable legal theory in South Dakota. Because the court dismissed the students' claims on the statute of limitations, it did not consider the Diocese's arguments that it had no control, supervision, or official relationship with the School, and that the students' claims are barred by the constitutional principle of separation of church and state. The circuit court also did not address the Diocese's and Oblate Sisters' argument that SDCL 26-10-25 applies only to perpetrators and not third party entities who employed the alleged perpetrators.

[¶4.] After entry of the circuit court's order dismissing all claims, ten students moved to amend the complaint in an attempt to show a timely filing by setting forth more specific facts. Before the circuit court's ruling on this motion to amend, nine students filed this appeal. Notwithstanding the appeal, the circuit court held a hearing on the merits and denied the motion to amend. The court did not consider the question of its jurisdiction once a notice of appeal had been filed.

[¶5.] The nine students now appeal raising two issues:

> Whether the circuit court erred in granting Defendants' motion for summary judgment; and

> Whether the circuit court erred in denying the students' motion for leave to amend the complaint.

---

(. . . continued)
> shift the burden to students to specify facts supporting avoidance of the statute of limitations.

II

[¶6.]    "Under our familiar standard of review in summary judgment cases, we decide only whether genuine issues of material fact exist and whether the law was correctly applied." Bordeaux v. Shannon County Sch., 2005 SD 117, ¶11, 707 NW2d 123, 126. In addressing a motion for summary judgment, this Court views the evidence most favorably to the non-moving party and the burden of proof is on the moving party to show that there are no genuine issues of material fact. Wulf v. Senst, 2003 SD 105, ¶17, 669 NW2d 135, 141. While we often distinguish between the moving and non-moving party in referring to the parties' summary judgment burdens, the more precise inquiry looks to who will carry the burden of proof on the claim or defense at trial. Entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See* Celotex Corp. v. Catrett, 477 US 317, 322-23, 106 SCt 2548, 2552, 91 LEd2d 265, 273 (1986).[3]

III

[¶7.]    The issue in this appeal is whether students commenced their actions within the time allowed by SDCL 26-10-25. That statute provides:

> Any civil action based on intentional conduct brought by any
> person for recovery of damages for injury suffered as a result of

---

3.    We recognized this distinction in *Bordeaux*, stating, "those resisting summary judgment must show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof." *Bordeaux*, ¶14, 707 NW2d at 127 (quoting Chem-Age Indus., Inc. v. Glover, 2002 SD 122, ¶18, 652 NW2d 756, 765 (citation omitted)).

childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, *or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act*, whichever period expires later.

SDCL 26-10-25 (emphasis added).

[¶8.]     As previously noted, the circuit court concluded that the students failed to carry their burden of establishing an exception to the statute of limitations. The court stated:  Defendants "demonstrated that [students] have filed all their claims beyond the time allowed by . . . [SDCL] 26-10-25 and, therefore, [students] have the burden of demonstrating that an exception to these statutes of limitations will excuse [their] untimely filing." In reviewing this decision, we first discuss who had the summary judgment burden on this defense.[4]  We then determine whether the party with that burden established entitlement to summary judgment.

---

4.     At one point in these proceedings, the circuit court stated that SDCL 26-10-25 was an *exception* to the general assault and personal injury statutes of limitations, and as an exception, the students had the initial burden of proof. SDCL 26-10-25 is not an exception to the general assault and personal injury statutes of limitations.  Neither the title of the act nor the body of the enactment creating this statute suggest that it was an exception to other statutes of limitations. *See* 1991 SD Sess Laws ch 219 §1.  The circuit court, however, ultimately changed its view of SDCL 26-10-25.  The court correctly concluded that Defendants carried the initial burden of presumptively showing that the students' claims were brought beyond the requirements of SDCL 26-10-25, and students only had the responsive burden of demonstrating an exception to this statute. *See supra* ¶3.

Defendants Blue Cloud Abbey and Oblate Sisters of the Blessed Sacrament also argue that SDCL 26-10-25 is not the applicable statute of limitations because that statute, enacted in 1991, did not exist at the time of the alleged abuse.  Therefore, they assert that the statutes of limitations for personal injury and intentional torts apply, and the students' claims are time-barred and cannot be revived.  We held to the contrary in *Stratmeyer v. Stratmeyer,* concluding that the statute applied retrospectively, further stating that "[i]t

(continued . . .)

[¶9.]        SDCL 26-10-25 is an affirmative defense, and the burden of proof to establish affirmative defenses is on the party who seeks to rely on it.  Clancy v. Callan, 90 SD 115, 118, 238 NW2d 295, 297 (1976) (citing Lang v. Burns, 77 SD 626, 97 NW2d 863, 865 (1959)).  The burden of production, however, shifts.  "In summary judgment proceedings, where the defendant asserts the statute of limitations as a bar to the action, and presumptively establishes the defense by showing the case was instituted beyond the statutory period, the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations[.]"  Conway v. Conway, 487 NW2d 21, 23 (SD 1992).  *See also* Huron Center, Inc. v. Henry Carlson, Inc., 2002 SD 103, ¶11 n2, 650 NW2d 544, 548 (providing, "[o]nly when Defendants have presumptively established their defense by showing the action was brought beyond the statutory period . . .  does the burden shift to [Plaintiff] to demonstrate material facts in avoidance of the defense.") (citing Wissink v. Van De Stroet, 1999 SD 92, ¶9, 598 NW2d 213, 215).  We therefore turn to the question whether Defendants presumptively established that students brought their claims beyond the statutory period.  This required a showing that the students knew of the abuse, or discovered or reasonably should have discovered that their injury or condition was caused by the abuse more than three years before they commenced suit, whichever is later.

_____

(. . . continued)
        is obvious from a plain reading of SDCL 26-10-25 . . . that the Legislature
        intended SDCL 26-10-25 to apply to all acts of intentional childhood sexual
        abuse conduct."  1997 SD 97, ¶15, 567 NW2d 220, 223.

[¶10.]     The Defendants failed to make that showing.  The only evidence Defendants provided at this stage of the summary judgment proceeding was that: students acknowledged that the abuse happened decades ago when the School was allegedly operated and controlled by Defendants; some students acknowledged in discovery that they did not claim repressed memory of the abuse; and the School was transferred to the Tribe in 1975.  Although these facts were sufficient to make a presumptive showing that *some* of the students had been aware of the *abuse* for more than three years preceding the suit, it did not show that all of the students were aware of the abuse for the requisite period.  More importantly, Defendants must have also introduced evidence presumptively showing that the students discovered or reasonably should have discovered that their injury or condition was caused by the abuse more than three years before commencing the suit.  In our view, Defendants' showing of knowledge of the abuse, coupled with cessation of control of the School, did not presumptively establish that students also discovered or reasonably should have discovered that their injury or condition was caused by the abuse.  As noted in *Stratmeyer*, 1997 SD 97, ¶13, 567 NW2d at 222, "[m]any children only realize years later the true significance of the abuse they endured, especially in cases where the molestation occurred at the hands of . . . trusted individuals."  Furthermore, as we stated in *One Star,* discovering the injuries in and of itself will not suffice to commence the statutory period regarding discovery of the causal connection between the acts of abuse and the plaintiffs' injuries.  "Rather, there must be discovery of some tie linking the acts of abuse to the injury."  2008 SD 55, ¶13, __ NW2d at __.

[¶11.]     Because Defendants failed to make their initial presumptive showing that the students' claims were not brought within the time allowed by the statute, the circuit court erred in shifting the burden to students to set forth specific facts to demonstrate their claims were timely.  For the same reason, the sufficiency of the students' responsive showing was immaterial at this stage of the summary judgment proceeding, and the circuit court erred in dismissing their claims.

[¶12.]     There is, however, one student whose claim was correctly dismissed.  Unlike the other eight students, Defendants made a presumptive showing that Orson Cuny was aware of the abuse and that his claimed injuries were causally related to the abuse more than three years before the suit was commenced.  Cuny testified in his deposition that in the summer of 1982, he attended a treatment program at Sioux San Hospital in Rapid City, South Dakota to "seek help psychologically, spiritually."  He testified that during this psychological treatment, he "brought this abuse out and above and surfaced it."  He further testified that in 1984, he chose to bring the events of the abuse to the forefront to try to cope with them.

[¶13.]     An analogous situation was considered in *Frideres v. Schlitz*, 113 F3d 897 (8thCir 1997).  In *Frideres*, the plaintiff had some memories of her childhood abuse, the last incident occurring in 1967.  In 1982, she sought help from her family physician for depression, at which time the physician recommended that the plaintiff seek further professional help or try an antidepressant drug.  In 1988, the plaintiff visited with her priest who also encouraged her to seek professional help for the difficulties she was experiencing as a result of the abuse.  The plaintiff did

not file suit within the statutory period. The court applied the same discovery rule, which allows a plaintiff to bring suit within a prescribed period from the time one makes a connection between the abuse and the injuries. The Eighth Circuit concluded that given plaintiff's knowledge of her prior sexual abuse, and in light of her conversations with the priest and physician, she "had enough knowledge linking the abuse and the resultant injuries . . . to put her on inquiry notice" of her cause of action. *Id*. at 899. The *Frideres* court explained:

> We agree with Frideres that mere knowledge of abuse will not necessarily start the running of the limitations period in every case. In this case, however, Frideres had enough knowledge linking the abuse and the resultant injuries, as evidenced by her visits to her family physician and priest in search of advice, to put her on inquiry notice more than two years prior to the commencement of this action. As the Supreme Court of Iowa stated, "'the statute of limitations begins to run when a plaintiff first becomes aware of facts that would prompt a reasonably prudent person to begin seeking information as to the problem and its cause.'" At that time, a person is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation. Because Frideres remembered the abuse and was aware of enough of its effects to seek help more than two years prior to the commencement of her action, her action is time barred.

*Id*. (citations omitted).

[¶14.]     We follow the same rule. In *Strassburg v. Citizens State Bank*, 1998 SD 72, ¶10, 581 NW2d 510, 514, we stated that a statute of limitations ordinarily begins to run when a plaintiff either has "actual notice of a cause of action or is charged with notice," and that "constructive notice is notice imputed by the law to a person not having actual notice." Thus, one having actual notice of circumstances sufficient to put a prudent person on inquiry about a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive

-10-

notice of the fact itself sufficient to start the running of the statute of limitations. *Id.* (citing SDCL 17-1-4). "Limitations periods will not abide indefinitely while those aggrieved discover all their damages." *Id.* ¶11, 581 NW2d at 515. "Statutes of limitations begin to run when plaintiffs first become aware of facts prompting a reasonably prudent person to seek information about the problem and its cause." *Id.* ¶13, 581 NW2d at 515. Consequently, as we noted in *One Star*, SDCL 26-10-25 "accrues when the plaintiff is put on inquiry notice of facts that would prompt a reasonably prudent person to seek out information regarding his or her injury or condition and its cause." 2008 SD 55, ¶18, __ NW2d at __.

[¶15.] In this case, Cuny's knowledge of the abuse, coupled with his psychological treatment for his condition, was sufficient to establish constructive knowledge of the abuse and that his injury was caused by that abuse. He was therefore on inquiry notice and was required to seek out further information and pursue his claim following his discoveries in 1982. Cuny, however, failed to commence his action within three years of that time. Considering the evidence of Cuny's knowledge and treatment, the circuit court correctly concluded that Defendants satisfied their presumptive showing that the statute of limitations had expired and the burden of identifying specific facts in avoidance of the statute shifted to Cuny. *Conway*, 487 NW2d at 23. Furthermore, the circuit court correctly concluded that Cuny's nonspecific, conclusionary, and boilerplate responsive affidavit was, for the reasons explained in n2, *supra*, insufficient to prevent summary judgment against him.

[¶16.]     Cuny claims that his cause of action was fraudulently concealed by the Defendants.  This Court has recognized fraudulent concealment as an implied exception to the statute of limitations, which acts to toll the statute of limitations until the cause of action is discovered or might have been discovered by the exercise of diligence.  *One Star*, 2008 SD 55, ¶34, __ NW2d at __ (citing Hinkle v. Hargens*, 76 SD 520, 524, 81 NW2d 888, 890 (1957)).  Fraudulent concealment does not, however, toll the statute of limitations, no matter the nature of the concealment if a plaintiff is already on notice of facts sufficient to give rise to a claim.  *One Star,* 2008 SD 55, ¶35, __ NW2d at __.  In this case, there is no dispute that Cuny knew of the operative facts regarding the alleged abuse and his current claimed condition.  Therefore, Defendants could not have fraudulently concealed this cause of action by affirmative representation or silence.

[¶17.]     Cuny also asserts tolling of the statute of limitations under the equitable theory of estoppel by duress.  He acknowledges that South Dakota has not recognized this exception to the statute of limitations.  For purposes of this case, however, we may assume without deciding that the exception exists because Cuny did not make the responsive summary judgment showing necessary to establish entitlement to the exception.  Where it has been adopted, the exception generally requires a showing that the duress be continuous.  *See* Overall v. Estate of Klotz*, 52 F3d 398, 404 (2ndCir 1995), noting that a plaintiff must "demonstrate some threats or abuse during the limitations period" for duress tolling to be appropriate.  *See also* Rakes v. United States, 442 F3d 7, 26 (1stCir 2006) (requiring plaintiff to demonstrate that duress was continuous before tolling available); Murphy v.

Merzbacher, 697 A2d 861, 869-70 (MD 1997) (rejecting claim of duress because there was absolutely no evidence that the defendant made any threats to the victims or engaged in any overt acts towards them for over twenty years prior to the commencement of the litigation).[5]

[¶18.]     In this case, Cuny identified no facts suggesting that any threats continued during the thirty years after he left the School. Consequently, even if we recognized the exception, he did not make the showing necessary to satisfy estoppel by duress.

IV

[¶19.]     Diocese argues that even if the statute of limitations was incorrectly applied at this point in the proceedings, the Diocese should be dismissed because it had no control or supervision over the School. Diocese also argues that its religious relationship with the School precludes intervention by a civil court because court involvement would result in an unlawful entanglement between church and state. Diocese and Oblate Sisters finally argue that SDCL 26-10-25 applies only to perpetrators of sex abuse and not third party entities who may only be vicariously responsible on theories other than those involving intentional acts.

[¶20.]     The circuit court granted summary judgment solely on the statute of limitations, and it declined to address these additional issues. Because we have "reversed summary judgment on the issue of the statute of limitations, we need not

---

5.    Other cases that have recognized some form of the exception include *Bank of Penfield v. Colclough*, 154 Ga 222, 114 SE 33 (1922) and *Ateeq v. Najor*, 15 CalApp4th 1351, 19 CalRptr2nd 320 (CalCtApp 1993).

decide th[ese] issue[s] now." Williams v. Maulis, 2003 SD 138, ¶28, 672 NW2d 702, 708. Rather, they "[are] better left to the trial court." *Id*. *See also* Aberdeen Prod. Credit Ass'n v. Redfield Livestock Auction, Inc., 379 NW2d 829, 832-33 (SD 1985) (providing, "[s]ince the circuit court . . . granted summary judgment to [defendants], these questions involve issues of fact which were not reached. As an appellate court, we are without jurisdiction to determine issues of fact . . . except where facts are undisputed and such that only one conclusion can be drawn."). Considering the factual underpinnings of these remaining arguments, we leave them for the circuit court on remand.

V

[¶21.] Students finally argue that the circuit court erred in denying their motion for leave to amend the complaint to set forth more specific allegations of the abuse. The circuit court did not consider this motion until after it entered its final judgment dismissing all claims and after the nine students appealed that judgment to this Court. Although such an appeal generally deprives the circuit court of jurisdiction to consider further substantive matters, the circuit court held a hearing on the students' motion and determined that there was no basis to amend their complaint after a final judgment had been issued.

[¶22.] We do not reach the circuit court's analysis because it did not have jurisdiction to act upon the motion to amend. "An appeal from a judgment or order strips the trial court of power over the subject matter of the judgment or order, and this Court has jurisdiction until the appeal is decided." Matter of Hoffman, 2002 SD 129, ¶17, 653 NW2d 94, 100.

VI

[¶23.]    Because Defendants did not meet their presumptive burden of initially showing that eight of the students filed their claim beyond the statute of limitations period, the circuit court erred in shifting the burden to students and in considering the sufficiency of the students' responsive showing.  Therefore, with the exception of Cuny, the circuit court's dismissal is reversed.  The case of the remaining eight students is remanded for further proceedings consistent with this opinion.

[¶24.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.