#26000 - #26009-a-SLZ

**2012 S.D. 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

(#26000)
(N.O.R. #26034, #26042, #26045)

TERESA BERNIE,                                                 Plaintiff and Appellant,

v.

BLUE CLOUD ABBEY; SISTERS OF
THE BLESSED SACRAMENT; and
OBLATE SISTERS OF THE BLESSED
SACRAMENT,                                                   Defendants and Appellees,

and

CATHOLIC DIOCESE OF SIOUX FALLS,
DOE PRIEST; DOE PERPETRATOR 1; DOE
PERPETRATOR 2; DOE PERPETRATOR 3;
and DOE PERPETRATOR 4,

                                                             Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE BRADLEY G. ZELL
Judge

* * * *

ARGUED ON MAY 22, 2012

OPINION FILED **09/05/12**

---

(#26001)
(N.O.R. #26035, #26047)

GALEN DRAPEAU,                                      Plaintiff and Appellant,

v.

BLUE CLOUD ABBEY; SISTERS OF
THE BLESSED SACRAMENT; and
OBLATE SISTERS OF THE BLESSED
SACRAMENT,                                          Defendants and Appellees,

and

CATHOLIC DIOCESE OF SIOUX FALLS,
DOE PRIEST; DOE PERPETRATOR 1; DOE
PERPETRATOR 2; DOE PERPETRATOR 3;
and DOE PERPETRATOR 4,                              Defendants.

---

(#26002)
(N.O.R. #26036, #26043, #26046)

L.C.A.; J.C.B.; L.J.C.; G.D.; B.C.D.;
R.B.; M.L.B.; F.B.C.; Y.P.C.,                       Plaintiffs and Appellants,

v.

BLUE CLOUD ABBEY; SISTERS OF
THE BLESSED SACRAMENT; and
OBLATE SISTERS OF THE BLESSED
SACRAMENT,                                          Defendants and Appellees,

and

CATHOLIC DIOCESE OF SIOUX FALLS,
DOE PRIEST; DOE PERPETRATOR 1; DOE
PERPETRATOR 2; DOE PERPETRATOR 3;
and DOE PERPETRATOR 4,                              Defendants.

---

(#26003)
(N.O.R. #26037)

MARY MCGHEE DOG SOLDIER,                            Plaintiff and Appellant,

v.

BLUE CLOUD ABBEY,                                   Defendant and Appellee,

and

CATHOLIC DIOCESE OF SIOUX FALLS,                    Defendant.

--------------------------------------------------------------------------------------

(#26004)
(N.O.R. #26048)

| | |
|---|---|
| ALFRED EAGLE DEER, SR., | Plaintiff and Appellant, |
| v. | |
| OBLATE SISTERS OF THE BLESSED SACRAMENT, | Defendant and Appellee, |
| and | |
| CATHOLIC DIOCESE OF SIOUX FALLS, | Defendant. |

--------------------------------------------------------------------------------------

(#26005)
(N.O.R. #26038)

| | |
|---|---|
| RITA FAYE FLOOD, | Plaintiff and Appellant, |
| v. | |
| BLUE CLOUD ABBEY, | Defendant and Appellee, |
| and | |
| CATHOLIC DIOCESE OF SIOUX FALLS, | Defendant. |

--------------------------------------------------------------------------------------

(#26006)
(N.O.R. #26044)

| | |
|---|---|
| GROVER CURTIS MALLORY, | Plaintiff and Appellant, |
| v. | |
| SISTERS OF THE BLESSED SACRAMENT, | Defendant and Appellee, |
| and | |
| CATHOLIC DIOCESE OF SIOUX FALLS, | Defendant. |

--------------------------------------------------------------------------------------

(#26007)
(N.O.R. #26039)

| | |
|---|---|
| RODERICA ROUSE, | Plaintiff and Appellant, |
| v. | |
| BLUE CLOUD ABBEY, | Defendant and Appellee, |
| and | |
| CATHOLIC DIOCESE OF SIOUX FALLS, | Defendant. |

---

(#26008)
(N.O.R. #26040)

LOREN RAYMOND ZEPHIER,                    Plaintiff and Appellant,

v.

BLUE CLOUD ABBEY,                    Defendant and Appellee,

and

CATHOLIC DIOCESE OF SIOUX FALLS,          Defendant.

---

(#26009)
(N.O.R. #26041)

ISADORE M. ZEPHIER,                    Plaintiff and Appellant,

v.

BLUE CLOUD ABBEY,                    Defendant and Appellee,

and

CATHOLIC DIOCESE OF SIOUX FALLS,          Defendant.

* * * *
(#26000 — #26002)
(N.O.R. #26034, #26035, #26036, #26042, #26043, #26045, #26046, #26047)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota          Attorneys for plaintiffs and
                                  appellants.


ROBERT STICH of
Stich, Angell, Kreidler & Dodge, PA
Minneapolis, Minnesota

and

ERIC C. SCHULTE of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota          Attorneys for defendant and
                                   appellee Blue Cloud Abbey
                                   N.O.R. #26034, #26035, #26036.

CHRISTOPHER W. MADSEN of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota

Attorneys for defendant and
appellee Sisters of the Blessed
Sacrament N.O.R. #26042,
#26043, #26047.


MICHAEL J. FORD
DYAN J. EBERT of
Quinlivan & Hughes, PA
St. Cloud, Minnesota

Attorneys for defendant and
appellee Oblate Sisters of the
Blessed Sacrament N.O.R.
#26045, #26046.

(#26003)
(N.O.R. #26037)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota

Attorneys for plaintiff and
appellant.


ROBERT STICH of
Stich, Angell, Kreidler & Dodge, PA
Minneapolis, Minnesota

and

ERIC C. SCHULTE of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota

Attorneys for defendant and
appellee Blue Cloud Abbey
N.O.R. #26037.

(#26004)
(N.O.R. #26048)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota

Attorneys for plaintiff and
appellant.

MICHAEL J. FORD
DYAN J. EBERT of
Quinlivan & Hughes, PA
St. Cloud, Minnesota

Attorneys for defendant and
appellee Oblate Sisters of the
Blessed Sacrament N.O.R.
#26048.

(#26005)
(N.O.R. #26038)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota

Attorneys for plaintiff and
appellant.

ROBERT STICH of
Stich, Angell, Kreidler & Dodge, PA
Minneapolis, Minnesota

and

ERIC C. SCHULTE of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota

Attorneys for defendant and
appellee Blue Cloud Abbey
N.O.R. #26038.

(#26006)
(N.O.R. #26044)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota

Attorneys for plaintiff and
appellant.

CHRISTOPHER W. MADSEN of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota

Attorneys for defendant and
appellee Sisters of the Blessed
Sacrament N.O.R. #26044.

#26007—#26009)
(N.O.R. #26039—#26041)

REBECCA L. RHOADES of
Manly & Stewart
Newport Beach, California

and

MICHAEL SHUBECK
GREGORY A. YATES
Rapid City, South Dakota

Attorneys for plaintiffs and
appellants.

ROBERT STICH of
Stich, Angell, Kreidler & Dodge, PA
Minneapolis, Minnesota

and

ERIC C. SCHULTE of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota

Attorneys for defendant and
appellee Blue Cloud Abbey
N.O.R. #26039, #26040, #26041.

ZINTER, Justice

[¶1.] The plaintiffs and appellants are former students who attended a boarding school. They alleged that they were sexually abused while attending the school more than thirty-five years ago. The students commenced suits against some alleged perpetrators and entity defendants Blue Cloud Abbey, the Sisters of the Blessed Sacrament, the Oblate Sisters of the Blessed Sacrament, and the Catholic Diocese of Sioux Falls. The entity defendants were alleged to have owned, operated, or controlled the school when the abuse allegedly occurred. After a prior appeal to this Court,[1] the circuit court granted summary judgment both for and against the entity defendants on a large number of substantive and procedural issues. The circuit court later granted a motion to dismiss all remaining claims against the three entity defendants who are the appellees in these appeals.[2] Because it is dispositive, we only address one issue raised by the entity defendants by notice of review. We conclude that an extended statute of limitations for childhood sexual abuse did not apply in these cases because the entity defendants were not perpetrators who were alleged to have engaged in intentional, criminal conduct. Because these lawsuits were filed more than twenty years after the applicable statute of limitations expired, we affirm the circuit court's dismissal.[3]

---

1. *Zephier v. Catholic Diocese of Sioux Falls*, 2008 S.D. 56, 752 N.W.2d 658.

2. The suits against the Catholic Diocese of Sioux Falls are the subject of separate appeals. *See Bernie v. Catholic Diocese of Sioux Falls*, ___ S.D. ___, ___ N.W.2d ___.

3. We disagree with the circuit court's conclusion that the extended statute of limitations applies to non-perpetrating entity defendants that have not

(continued . . .)

*Facts and Procedural History*

[¶2.] All plaintiffs in these consolidated appeals claim to be victims of childhood sexual abuse committed prior to 1975 when they were students at St. Paul's School, which is located in Marty, South Dakota. Between 2004 and 2008, the students commenced suits against some alleged perpetrators and some entity defendants.[4] The complaints asserted liability against the entity defendants on the following theories: (1) negligent hiring, retaining, and supervising persons who were known or should have been known to be sex abusers; (2) breach of fiduciary duty in failing to protect the students from abuse; and (3) vicarious liability under the doctrine of respondeat superior. The circuit court ultimately dismissed on a procedural ground. The court relied on a 2010 enactment that barred certain claims against entity defendants. The 2010 enactment was added to SDCL 26-10-25, a statute of limitations extending the time to commence certain actions for childhood sexual abuse. The court concluded that the 2010 amendment applied retroactively to bar the sexual abuse claims against the entity defendants. We address a predicate question raised by the entity defendants on notice of review: whether the

_____

(. . . continued)
    engaged in intentional, criminal misconduct. Nevertheless, we affirm the
    judgment because the circuit court dismissed on a related statute of
    limitations question.

4.    The students did not sue the school, which was incorporated as St. Paul's
      Indian Mission Corporation.

extended statute of limitations even applies to causes of action against non-perpetrators of childhood sexual abuse.[5]

[¶3.]        SDCL 15-2-14 provides that except when a different limitation is prescribed by statute, actions for personal injury "can be commenced only within three years after the cause of action shall have accrued."  At the time the students commenced these actions, SDCL 26-10-25 extended the time to commence certain actions involving childhood sexual abuse.  The extension gave victims time to discover the causal relationship between the sexual abuse and the resulting injury.  SDCL 26-10-25 (1991) provided:

> Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later.

---

5.       This issue has evaded appellate review.  In *One Star v. Sisters of St. Francis, Denver, Colorado*, 2008 S.D. 55, ¶ 6, 752 N.W.2d 668, 674, we considered whether suits alleging childhood sexual abuse were timely commenced against non-perpetrating entity defendants under SDCL 26-10-25.  But the petition for review reflects that the parties assumed for purposes of another argument that the statute applied to non-perpetrators.  In *Zephier v. Catholic Diocese of Sioux Falls*, 2008 S.D. 56, ¶ 3, 752 N.W.2d 658, 661, and *Iron Wing v. Catholic Diocese of Sioux Falls*, 2011 S.D. 79, ¶ 6, 807 N.W.2d 108, 110, the question was whether factually, those students commenced their suits within three years following discovery of the causal connection between the alleged abuse and the injuries as required in SDCL 26-10-25.  Although the applicability of SDCL 26-10-25 was raised by some entity defendants in *Zephier*, not all entity defendants joined that argument.  More importantly, the circuit court had not addressed the question.  Because the issue had not been addressed by the circuit court, we remanded the issue for that court's initial consideration.  *Zephier*, 2008 S.D. 56, ¶ 20, 752 N.W.2d at 667.  The question has now been decided by a circuit court and the issue is squarely presented for appellate review.

[¶4.]     The students argue that they are entitled to the extension in SDCL 26-10-25. *See One Star v. Sisters of St. Francis*, 2008 S.D. 55, ¶ 13, 752 N.W.2d 668, 675. The entity defendants respond that SDCL 26-10-25 does not apply to non-perpetrating defendants who are sued on theories of negligence or other causes of action not based on intentional, criminal conduct. The entity defendants point out that the statute applies to actions that are "based on intentional conduct" involving "childhood sexual abuse." They also point out that childhood sexual abuse is specifically defined as sexual abuse that is proscribed by the criminal code. *See* SDCL 26-10-29. The entity defendants contend that the circuit court erred in allowing the students to utilize SDCL 26-10-25 because the entity defendants were not alleged to have engaged in "intentional acts" of "childhood sexual abuse" that was proscribed by the criminal code.

*Decision*

[¶5.]     The construction and application of statutes of limitation present legal questions that we review de novo. *Jensen v. Kasik*, 2008 S.D. 113, ¶ 4, 758 N.W.2d 87, 88. In reviewing summary judgment, "affirmance is suitable if any legal basis exists to support the court's decision." *Horne v. Crozier*, 1997 S.D. 65, ¶ 5, 565 N.W.2d 50, 52.

[¶6.]     SDCL 26-10-25 applies to "[a]ny civil action *based on intentional conduct* brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse." (Emphasis added.) For purposes of this statute, childhood sexual abuse is defined in SDCL 26-10-29 as any act committed "by *the defendant* against the complainant . . . [and] which act would have *constituted a*

-4-

*felony.*" (Emphasis added.) The question is whether, in light of these emphasized limitations, SDCL 26-10-25 applies to claims against non-perpetrating defendants who are sued for negligence or on other theories of liability not involving intentional, criminal conduct. Courts that have considered this question have reached different conclusions.

[¶7.] We are persuaded by the courts that have relied on the plain and ordinary meaning of identical or similar language limiting application of such statutes to claims based on intentional conduct constituting a criminal offense. For example, the Colorado Court of Appeals considered the "plain language of the text" that limited the Colorado statute to actions "based on . . . a sexual offense against a child." *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 600-01 (Colo. App. 2000). The court concluded that this limiting language, "when viewed within the context of the entire statute," restricted application of the statute to claims brought against perpetrators and did not include related claims brought against third parties. *Id.* at 602.

[¶8.] The Colorado court acknowledged the view of other courts that the language "based on" can be read to allow a victim's claims if the claims simply arise from "the factual circumstances of the sexual offense." *Id.* at 601. The court specifically acknowledged *Werre v. David,* 913 P.2d 625 (Mont. 1996) and *C.J.C. v. Corp. of Catholic Bishop,* 985 P.2d 262 (Wash. 1999) (both applying the "based on" intentional conduct language to negligence claims against non-perpetrators because the perpetrator's sexual act was the starting point or foundation for injury that would not have occurred absent the abuse). *Sandoval*, 8 P.3d at 601. The Colorado

court also acknowledged *Almonte v. New York Medical College,* 851 F. Supp. 34 (D. Conn. 1994) (applying an extended statute of limitations to claims against non-perpetrators on the theory that public policy required the extension). *Sandoval*, 8 P.3d at 601. But the Colorado court concluded that when the limiting language was "viewed within the context of the entire statute, . . . the term 'based on' encompasses only those civil claims brought against the perpetrator arising from his or her sexual assault or offense." *Id.* at 602. The court found it "highly significant" that the statute was tied to sexual offenses as defined in the criminal code, and criminal proscriptions do "not include negligently allowing an offense to happen or placing a perpetrator in a position to commit a sexual offense against a child." *Id.*

[¶9.] Rhode Island's decision is even more persuasive because its statute is virtually identical to SDCL 26-10-25. Rhode Island enacted a statute of limitations for "[a]ll claims or causes of action *based on intentional conduct* brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse . . . ." *Kelly v. Marcantonio*, 678 A.2d 873, 875 (R.I. 1996) (emphasis added). The statute defined childhood sexual abuse as "any act committed *by the defendant* against a complainant" that would have been a criminal act. *Id.* at 876 (emphasis added). The Rhode Island Supreme Court stated that the first clause emphasized above did not explicitly limit the statute's application to perpetrators. *Id.* But the court held that the language of the statute "permits no other interpretation" when the two emphasized clauses were read together. *Id.* The court observed that the statute requires "intentional conduct of '*the*' defendant–perpetrator." *Id.* "[B]y

using 'the' as opposed to 'a' when referencing defendants, the Legislature limited the class of potential defendants subject to [the extended statute of limitations]." *Id.* The court also relied on the limiting language requiring "intentional conduct." *Id.* at 877. Unlike other courts reaching contrary conclusions based on public policy, *Kelly* relied on the "plain and ordinary meaning" of these statutory limitations. *Id.*

[¶10.] Before a legislative amendment, the court in *Debbie Reynolds Professional Rehearsal Studios v. Superior Court,* 30 Cal. Rptr. 2d 514 (Cal. Ct. App. 1994), concluded that the California statute was also limited to those who engaged in criminal conduct. The California statute applied to actions "for recovery of damages suffered as a result of childhood sexual abuse." *Id.* at 518 n.3 (citing Cal. Civ. Proc. Code § 340.1 (West)). The statute also referenced criminal acts by referring to "any act committed by a defendant against a plaintiff . . . and which act would have been proscribed" by specified penal code sections. *Id.* at 519. The court concluded that these "plain terms" applied "only to those defendants who perpetrate, against minors, certain intentional criminal acts prohibited by law." *Id.* "[T]he Legislature, in defining what constitutes sexual abuse, referred to the criminal statutes to make clear that childhood sexual abuse is an intentional rather than a negligent act." *Id.*[6]

---

6. Four years after *Debbie Reynolds*, California amended its statute to provide that it applied to "an action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was the legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." Cal. Civ. Proc. Code § 340.1(a)(2) (West 1999).

[¶11.]    The Eighth Circuit Court of Appeals considered a Missouri statute of limitations that applied to "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse." *Walker v. Barrett*, 650 F.3d 1198, 1209 (8th Cir. 2011). Notwithstanding this broad language, the court rejected the argument that the statute applied to all actions arising from childhood sexual abuse. *Id.* The court pointed out that another provision provided that childhood sexual abuse was "any act *committed by the defendant* against the plaintiff which act . . . would have been a violation of [identified criminal proscriptions]." *Id.* The court noted that non-perpetrating defendants could not cause injury or illness from childhood sex abuse because non-perpetrating defendants would not have committed one of the enumerated criminal acts. *Id.*

[¶12.]    We find these decisions persuasive because the South Dakota Legislature adopted the same or similar limitations. First, the plaintiff's civil "action" must be based on "intentional conduct." SDCL 26-10-25. Second, the childhood sexual abuse must have been committed by "the defendant" in the civil action, and the abuse must be an act that would "have constituted a felony." SDCL 26-10-29. We have previously recognized that the language of SDCL 26-10-25 applies to intentional, criminal acts. "[T]he Legislature intended SDCL 26-10-25 to apply to all acts of *intentional* childhood sexual abuse conduct. This is so because SDCL 26-10-29 defines childhood sexual abuse as 'any act' committed by a defendant which act would have been a violation of SDCL [chapter] 22-22 (sex offenses) or prior laws of similar effect at the time the act was committed which act

would have constituted a felony." *Stratmeyer v. Stratmeyer*, 1997 S.D. 97, ¶ 15, 567 N.W.2d 220, 223 (emphasis added).

[¶13.]     The students' reliance on *Almonte*, *Werre*, and *C.J.C.* is misplaced. *Almonte* was based on the belief that the Connecticut statute was more concerned with a particular type of harm than with the party that caused the harm. 851 F. Supp. at 37. Therefore, the court utilized "public policy" to extend the reach of the statute to non-perpetrators who had not engaged in intentional conduct. *Id.*[7] Further, the Connecticut statute did not contain the intentional conduct or the criminal act limitations found in the South Dakota statute and the other statutes previously discussed. The Connecticut language was unlimited. It applied to any action "to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault." *Id.* The district court's interpretation of the broad Connecticut statute is inapposite when considering the limitations in SDCL 26-10-25 and 26-10-29.

---

7.     One South Dakota federal district judge adopted the *Almonte* public policy view, concluding that SDCL 26-10-25 applied to causes of action for negligence against non-perpetrating defendants. *See DeLonga v. Diocese of Sioux Falls*, 329 F. Supp. 2d 1092, 1104 (D.S.D. 2004) (stating that the statute is concerned with the "type of harm" involved, and the statute should be interpreted to apply to causes of actions for negligence in order to "provide protection for victims of sexual abuse"). However, in a later case, another South Dakota federal judge was "unable to predict the path of South Dakota law regarding claims against non-perpetrator defendants with respect to SDCL 26-10-25." *Joseph v. Corp. of the President Church of Jesus Christ of Latter-Day Saints*, No. CIV. 06-4143, 2008 WL 282163, at *4 (D.S.D. Jan. 31, 2008). Although the latter judge certified the question to this Court, the suit was apparently resolved before we could decide the question.

[¶14.] The students point out that in *Werre*, the Montana Supreme Court allowed an action against a non-perpetrator under language that is similar to South Dakota's. *See Werre*, 913 P.2d at 630 (construing a statute of limitations that applied to actions "based on intentional conduct brought by a person for recovery of damages for injury suffered as a result of childhood sexual abuse"). The Montana court construed the language "based upon intentional conduct" to permit actions based on negligence. *Id.* at 632. It did so because, in its view, "an action is 'based on intentional conduct' if intentional sexual abuse is the starting point or foundation for the claim." *Id.* But the Montana court's factual "starting point or foundation" analysis overlooks the fact that statutes of limitation are based upon the "cause of action" asserted rather than the factual starting point or foundation that may lead to various causes of action. *See* SDCL 15-2-1 (providing that all civil actions must be commenced within the periods of limitation specified in Title 15 after the "cause of action" has "accrued," rather than the period after the factual starting point that gives rise to the cause of action).

[¶15.] The appropriate analysis looks to the "nature of the cause of action or the right sued upon." *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D. 1990). In this case, the nature of the students' causes of action against the perpetrators is based upon intentional conduct. Further, the right sued upon is the right to be free from a perpetrator's criminal sexual abuse. But the nature of the students' causes of action against the entity defendants is based upon negligence, breach of fiduciary duty, and vicarious liability. And the rights sued upon are the rights to be free from non-intentional breaches of the civil duties and responsibilities the law imposes in

certain relationships. Therefore, it is simply too far of a stretch to say that causes of action for negligence, breach of fiduciary duty and vicarious liability are, in any legal sense of the phrase, causes of action "based on" intentional, criminal conduct. We believe *Werre's* factual starting-point-foundational analysis is at odds with the common understanding of the nature of a cause of action asserted in a particular case.[8]

[¶16.]      The students' reliance on the Washington court's analysis in *C.J.C.* is also misplaced. Although that statute is closely aligned with South Dakota's statute, the Washington Supreme Court applied the same factual starting point analysis utilized in *Werre. C.J.C.*, 985 P.2d at 267 (concluding that "an action is 'based on intentional conduct' if intentional sexual abuse is the starting point or foundation of the claim"). For the reasons expressed in our analysis of *Werre,* we decline to follow *C.J.C.'s* factual starting point analysis. We also decline to follow *C.J.C.* because its conclusion was based in part on another statutory provision that "expressly include[d] within its scope suits against negligent entities." 985 P.2d at 268.

[¶17.]      "Words and phrases in a statute must be given their plain meaning and effect." *Pete Lien & Sons, Inc. v. City of Pierre*, 1998 S.D. 38, ¶ 9, 577 N.W.2d 330, 331. In this case, the plain language of SDCL 26-10-25 and 26-10-29 requires that the students' causes of action be based on "intentional conduct" and that "the defendant" in the civil action has engaged in child sexual abuse proscribed by South

---

8.   *Werre* is also inapplicable because the Montana statute did not have the South Dakota language referencing acts constituting criminal conduct.

Dakota's criminal code. Because the students' causes of action only assert liability for negligence, breach of fiduciary duty, and vicarious liability, SDCL 26-10-25 does not apply.[9]

[¶18.] SDCL 26-10-25 was enacted to provide childhood sexual abuse victims with extended time to commence their suits in addition to the three-year "occurrence rule . . . provided under SDCL 15-2-14(3) and 15-2-22 [providing for tolling during minority]." *Stratmeyer*, 1997 S.D. 97, ¶ 18, 567 N.W.2d at 224. But

---

9. The students argue the 2010 Legislature demonstrated that SDCL 26-10-25 applies to non-perpetrators because the Legislature amended that statute in dealing with a related issue regarding non-perpetrators. "[I]t is well established under South Dakota Law that the legislative interpretation of a statute through the adoption of a subsequent amendment is not binding on this court, though the court may deem it worthy of consideration in construing the law." *Hot Springs Indep. Sch. Dist. No. 10 v. Fall River Landowners Ass'n*, 262 N.W.2d 33, 38 (S.D. 1978).

   The 2010 enactment was a statute of repose that abolished the right of persons who reached the age of forty to recover damages from non-perpetrators of childhood sexual abuse. *See* 2010 S.D. Sess. Laws ch. 141. The students contend that, by amending SDCL 26-10-25 to include the statute of repose specifically governing non-perpetrators, the 2010 amendment demonstrates that the Legislature believed its 1991 enactment of SDCL 26-10-25 applied to non-perpetrators. However, it is more likely that the 2010 Legislature was reacting to recent case law. There is no dispute that lawyers involved in this and related litigation appeared before the 2010 Legislature requesting the 2010 amendment. At that time, two South Dakota courts had ruled that SDCL 26-10-25 applied to non-perpetrators: the circuit court in these cases and *DeLonga*, 329 F. Supp. 2d 1092. Because the Legislature was unaware that these courts had incorrectly interpreted the statute, it is more likely that the 2010 Legislature was amending SDCL 26-10-25 to conform to those court decisions than it was expressing its view of what the 1991 Legislature intended when it enacted SDCL 26-10-25. "The legislative intent that is controlling in the construction of a statute has reference to the [L]egislature which enacted it, not a subsequent one." *Hot Springs Indep. Sch. Dist.,* 262 N.W.2d at 39.

as we have explained, SDCL 26-10-25 does not apply. Therefore, the remaining question is whether the students' causes of action are barred by SDCL 15-2-14(3), the personal injury statute of limitations. "[T]he three year period [in SDCL 15-2-14(3)] starts to run from the last occurrence of tortious conduct, rather than three years from the discovery of the harm." *Koenig v. Lambert*, 527 N.W.2d 903, 905 (S.D. 1995), *overruled on other grounds by Stratmeyer*, 1997 S.D. 97, 567 N.W.2d 220.

[¶19.]    In this case, the students' causes of action expired under SDCL 15-2-14(3) and SDCL 15-2-22 more than twenty years before the students commenced their suits. There is no dispute that all of the students were born between 1941 and 1962, and none of the students made any claim for abuse occurring after 1975. Although SDCL 15-2-22 tolled the three-year period until one year after each of the students turned eighteen, the youngest student turned nineteen in 1981 and all suits were commenced in and after 2004. Therefore, none of the students commenced his or her cause of action until more than twenty years after the time for filing suit had expired. Because the students' causes of action were barred by the applicable statutes of limitation,[10] the judgment of the circuit court is affirmed.

---

10.    On petition for rehearing, the students contend that we overlooked their argument that the time to commence their actions was tolled by fraudulent concealment. The students' appellate briefs, however, contained no citations to facts in the record supporting their argument. Instead, students argued that the circuit court's rulings were inconsistent and supported fraudulent concealment. The failure to cite the complete factual record supporting a fraudulent concealment argument is significant because more than three decades passed since any confidential relationship existed between the students and the school. Without citations to facts in the record reflecting

(continued . . .)

[¶20.]    GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and

WILBUR, Justices, concur.

_____

(. . . continued)
        fraudulent concealment for this lengthy period of time, we were unable to
        entertain the issue.