STATE ex rel. MARIANIST PROV-
INCE OF the UNITED
STATES, Relator,

v.

The Honorable John A. ROSS,
Respondent.

No. SC 88779.

Supreme Court of Missouri,
En Banc.

April 1, 2008.

Rehearing Denied Aug. 26, 2008.

Gerard T. Noce, Justin L. Assouad, Michael L. Young, Amanda M. Mueller, St. Louis, for Relator.

Daniel W. Craig, Kansas City, J. Martin Hadican, St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

In 2006, Plaintiff Robert Visnaw filed suit alleging that in 1984 and 1985 he was physically and sexually abused by William Mueller, then an assistant vice-principal at St. John Vianney High School in Kirk-

wood, Missouri. The defendants filed a motion for summary judgment asserting that Plaintiff's claims are barred by a statute of limitation. The circuit court overruled the motion. This Court issued a preliminary order in prohibition, which is now made absolute.

### FACTS

The Marianist Province of the United States (Relator) operates Vianney High School. In 1984 and 1985, Plaintiff was a high school senior at Vianney. In 2006, Plaintiff filed suit against Relator and other defendants alleging that Mueller, a Marianist brother, physically and sexually abused him. Plaintiff alleged that, in four separate incidents, Mueller asked him to hyperventilate to the point of unconsciousness, massaged his genitals, asked him to strip to his underwear, blindfolded him, and held a knife to his throat.

Plaintiff admits that he has always recalled the non-sexual details of these incidents. However, Plaintiff alleges that due to repressed memory, he did not remember the sexual details until 2005. Relator filed a motion for summary judgment arguing Plaintiff's claims were barred by the five-year statute of limitation for tort actions set forth in section 516.120, RSMO 2000. Even though the five-year limitation period would have been tolled until Plaintiff's twenty-first birthday pursuant to section 516.170, Relator concluded that Plaintiff should have filed suit no later than April 1993, which would be five years after Plaintiff turned twenty-one years old.

The circuit court overruled Relator's motion. Relator then filed the instant petition for a writ of prohibition arguing that that even though Plaintiff repressed his memory of the sexual details, the statute of limitation began to run when the abuse occurred because Plaintiff admits that he always remembered sufficient details of the physical abuse. Relator maintains that his memory rendered Plaintiff's damages capable of ascertainment when the abuse initially occurred and that, as a result, Plaintiff's suit is barred by section 516.120.

### ANALYSIS

 Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. McDonald's Corp. v. Midkiff*, 226 S.W.3d 119, 122 (Mo. banc 2007). Prohibition can be an appropriate remedy for an erroneous decision to overrule a party's motion for summary judgment. *See State ex rel. BP Prods. N.A., Inc. v. Ross*, 163 S.W.3d 922, 923–24 (Mo. banc 2005).

The issue in this case is whether the five-year limitation period in section 516.120 began to run in 1988, when Plaintiff turned twenty-one, or in 2005, when Plaintiff alleges that he first remembered the sexual details of the incidents. Section 516.100 governs the application of section 516.120 and provides as follows:

> Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, *but when the damage resulting therefrom is sustained and is capable of ascertainment*, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained. (Emphasis added).

In *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 584 (Mo. banc 2006), the Court held that the "capable of ascertainment test" set forth in section 516.100 is an objective test. The issue is not when the injury occurred or when a plaintiff subjectively learned of the wrongful conduct. Instead, the test is "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Id.* In other words, the statute of limitations begins to run when the "evidence was such to place a reasonably prudent person on notice of a potentially actionable injury." *Id.*

The capable of ascertainment standard is an objective one; therefore, when relevant facts are uncontested, the statute of limitations issue can be decided by the court as a matter of law. *Id.* at 583. Summary judgment is not proper if contradictory or different conclusions may be drawn from the evidence. In that case, it is a question of fact for the jury to decide. *Id.*

In this case, the Plaintiff's suit is based upon four incidents that allegedly occurred in 1984 and 1985. Plaintiff admits that he remembers, and has always remembered, that in those four incidents, Mueller had Plaintiff hyperventilate to the point of unconsciousness, asked Plaintiff to strip to his underwear, blindfolded him, and held a knife to his throat. Even though Plaintiff alleges he did not remember the sexual details of these incidents, the conduct that he always remembered was sufficient to "place a reasonably prudent person on notice of a potentially actionable injury." *Powel,* 197 S.W.3d at 584.

The circuit court erred in overruling Relator's motion for summary judgment. In order to prevent needless litigation on a time-barred claim, the preliminary order of prohibition is made absolute.

All concur.