# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3225

_____

Adam Walker,

        Appellant,

    v.

Bradley T. Barrett; Logan-Rogersville
R-VIII School District; John
Hetherington,

        Appellees.

\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.

_____

Submitted: May 12, 2011
Filed: August 18, 2011

_____

Before RILEY, Chief Judge, SMITH, Circuit Judge, and STROM,[1] District Judge.

_____

SMITH, Circuit Judge.

Adam Walker sued Bradley Barrett, the Logan-Rogersville R-VII School District ("School District"), and John Hetherington, asserting nine different claims stemming from Barrett's alleged sexual abuse of Walker. The complaint alleged that the abuse began in 1992, when Walker was 15 years old and a student of Barrett's. The

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

district court,[2] in two separate orders, dismissed all of Walker's claims against all three defendants. The court then denied Walker's motion to amend his complaint. Walker now appeals, arguing that the district court erred in dismissing his claims and denying his motion to amend his complaint. For the following reasons, we affirm.

## I. *Background*

At the time of the alleged abuse, Barrett was a vocal music teacher in the School District's junior high and high schools, and Hetherington was the principal at the Logan-Rogersville High School, also in the School District. Walker's complaint alleged that Barrett, as Walker's vocal music teacher, sexually abused Walker "beginning when [Walker] was 15 years old and continuing through his high school years." The alleged abuse involved "fellatio, forced fellatio, fondling[,] and masturbation."

On November 19, 2008—three days before his 31st birthday—Walker filed his complaint in the district court. He asserted the following causes of action: (1) childhood sexual abuse, against Barrett; (2) childhood sexual abuse, against the School District and Hetherington; (3) breach of a fiduciary/confidential relationship, against all three defendants; (4) negligent failure to supervise children, against all three defendants; (5) liability under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688, against the School District; (6) liability under 42 U.S.C. § 1983, against all three defendants; (7) intentional infliction of emotional distress, against all three defendants; (8) negligent infliction of emotional distress, against all three defendants; and (9) premises liability, against the School District ("Count 1" through "Count 9," respectively).

---

[2]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Walker's complaint alleged that Barrett "used his position as the vocal music teacher," "the promise of travel with high school choral programs," and "the facilities of the School District" in order to "gain access" to Walker. Walker alleged that "Barrett operated choir programs with the endorsement of Defendant School District, using the facilities of the Defendant School District, and under the supervision of the School District and its agents." He also alleged that the School District and Hetherington "either knew or had constructive knowledge of Defendant Barrett's past history of sexual misconduct with boys, and of his use of choir and vocal programs affiliated with public schools to gain access to young boys in order to commit the sexual abuse and misconduct." Moreover, in Count 2, his childhood sexual abuse claim against the School District and Hetherington, Walker alleged that the School District and Hetherington "aided and abetted," "were accessories after the fact to," and "condoned and ratified" Barrett's sexual abuse of Walker.

The district court granted the School District's and Hetherington's motion to dismiss Counts 2 through 9 of the complaint. The court held that Walker's complaint did not state a valid claim for relief against the School District or Hetherington on Count 2, for childhood sexual abuse. The court concluded that the statute governing such claims, Missouri Revised Statutes § 537.046, does not apply to nonperpetrator defendants; alternatively, the court concluded that even if the School District and Hetherington could be liable under an aider-and-abettor or ratification theory of liability, Walker had failed to allege the factual basis for such a claim. The court also held that the five-year statute of limitations, under Missouri Revised Statutes § 516.120.4, barred all of Walker's remaining claims against all three defendants, including Barrett. The court concluded that Walker's causes of action were capable of ascertainment when he was subjected to the sexual abuse—namely, the forced fellatio—beginning at age 15. As a result, the statute of limitations on Walker's remaining claims expired on November 22, 2003, five years after Walker's 21st birthday. Since Walker filed his suit in 2008, the court dismissed his claims as time-barred.

Thereafter, the district court denied Walker's motion to amend his complaint. The court explained that Walker's proposed amendments, which all related to his claims against the School District and Hetherington, would be futile because Missouri Revised Statutes § 537.046 did not apply to nonperpetrator defendants. The court further determined that none of the proposed allegations would revive Walker's remaining time-barred claims.

Barrett subsequently moved to dismiss Count 1, the childhood sexual abuse claim against him. The court initially denied Barrett's motion, concluding that Walker's claim was not time-barred under the 2004 version of Missouri Revised Statutes § 537.046, which allowed Walker to file suit any time before his 31st birthday. On Barrett's motion to reconsider, however, the court reversed course and held that Walker's claim for childhood sexual abuse against Barrett was time-barred because the 2004 version of § 537.046 could not apply to his claim. The court concluded that Walker "reasonably could have (and in fact did, according to his complaint) discover that the injury or illness was caused by childhood sexual abuse" no later than his 18th birthday. The court based its ruling on its determination that the 1990 version of § 537.046 set the applicable limitations—not the 2004 amendment to that statute. The court stated that, "[i]n my order dismissing the childhood sexual abuse case against the school district and the defendant principal, I held that plaintiff's damages were capable of ascertainment by his 18th birthday, which was in November 1995." Under the 1990 version of § 537.046, Walker had five years from the date of his 18th birthday to file suit. Thus, by the time the statute was amended in 2004, the statute of limitations had expired, and Barrett "had a 'vested right to be free from suit.'" (Quoting *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 341 (Mo. 1993) (en banc).) As a result, the district court dismissed Count 1, against Barrett, as time-barred.

-4-

## II. *Discussion*

On appeal, Walker argues that the district court erred in dismissing all of his claims against all three defendants. Specifically, he asserts that the court erred in determining that (1) Counts 3 through 9 were time-barred, (2) the claim for childhood sexual abuse against Barrett was time-barred, and (3) the School District and Hetherington could not be liable for childhood sexual abuse. He also maintains that the court erred in denying his motion to amend his complaint.

### A. *Dismissal of Counts 3 through 9*

Walker contends that the district court erred in dismissing Counts 3 through 9. First, he maintains that the court incorrectly concluded that his state-law claims (Counts 3, 4, 7, 8, and 9) were time-barred. Walker asserts that, under *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 584–85 (Mo. 2006) (en banc), the statute of limitations does not accrue at the moment of the "technical wrong" but from the time that substantial injury has occurred and is capable of ascertainment. In other words, he contends that the issue depends on whether the plaintiff's *damages*—not the *wrongful act* itself—were objectively capable of ascertainment. According to Walker, this inquiry is fact intensive and should not be resolved on a motion to dismiss, especially here, where Walker argues that he "assimilated the abuse as something else" and could not ascertain his damages until shortly before he filed the lawsuit.

Second, Walker contends that the court incorrectly concluded that his federal claims, under Title IX and 42 U.S.C. § 1983 (Counts 5 and 6), were time-barred. He asserts that the statute of limitations for these claims should be governed by the "most appropriate or analogous state statute of limitations," which, according to him, is the statute of limitations for childhood sexual abuse claims. Mo. Rev. Stat. § 537.046. Under this statute, for the reasons Walker argues *infra*, in Part II.B, he maintains that his claims were timely. Alternatively, even under the shorter limitations period

-5-

provided by Missouri Revised Statutes § 516.120.4, he argues that his damages were not capable of ascertainment until shortly before he filed this lawsuit.

"We review *de novo* the district court's dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009). In reviewing a dismissal, "[w]e accept the factual allegations of the complaint as true, but the allegations must supply sufficient 'facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). "A defendant does not render a complaint defective by pleading an affirmative defense." *Id.* Thus, "[a]s a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie*, 516 F.3d at 713 n.2).

We apply Missouri law to Walker's state-law claims, which the district court accepted under supplemental jurisdiction. *Rau v. Roberts*, 640 F.3d 324, 327–28 (8th Cir. 2011). When construing Missouri law, "we are bound by the decisions of the Missouri Supreme Court regarding issues of substantive state law." *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005). If the Missouri Supreme Court has not spoken on an issue, we may consider opinions from the Missouri Court of Appeals as "particularly relevant" and must follow them when those opinions provide "the best evidence of Missouri law." *Id.* (quotations and citations omitted).

## 1. *State-law Claims*

The five-year statute of limitations contained in Missouri Revised Statutes § 516.120(4) applies to Walker's state-law claims for breach of a fiduciary/confidential relationship, negligent failure to supervise children, intentional infliction of emotional distress, negligent infliction of emotional distress, and premises liability.[3] A claim governed by this statute of limitations accrues not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100. If the cause of action accrues before the plaintiff reaches the age of 21, however, the statute of limitations is automatically tolled until the plaintiff turns 21. Mo. Rev. Stat. § 516.170.

In *Powel*, the Missouri Supreme Court described the "capable of ascertainment" test as "objective." 197 S.W.3d at 584. The court explained an injury is objectively capable of ascertainment "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Id. Powel* also recognized that, in cases involving sexual abuse, the "capable of ascertainment" standard "has special application to cases of *repressed memory*" of the sexually abusive conduct. *Id.* (emphasis added).

---

[3]Walker states that "this is a childhood sexual abuse *case*" (emphasis added), implicitly suggesting that the longer statute of limitations in Missouri Revised Statutes § 537.046 should apply to all of his claims. Section 537.046 provides for a distinct cause of action. *See H.R.B. v. J.L.G.*, 913 S.W.2d 92, 95 (Mo. Ct. App. 1995) ("[Section] 537.046.2 provides for independent civil actions for damages suffered as a result of childhood sexual abuse . . . ."). It does not apply to entire cases that involve allegations of childhood sexual abuse. *Cf. Straub v. Tull*, 128 S.W.3d 157, 159–60 (Mo. Ct. App. 2004) (discussing the plaintiff's many claims, including a separate claim for childhood sexual abuse under § 537.046). In any case, Walker has not explicitly argued that § 537.046 applies to all of his claims, nor did he make the argument in the district court.

In cases involving sexual abuse since *Powel*, however, Missouri courts have held that, absent repressed memory of the sexually abusive conduct, an injury was objectively capable of ascertainment, as a matter of law, at the time of the abusive conduct itself. In *State ex rel. Marianist Province of U.S. v. Ross*, the plaintiff "admit[ted] that he remembers, and has always remembered, that . . . [the defendant] had Plaintiff hyperventilate to the point of unconsciousness, asked Plaintiff to strip to his underwear, blindfolded him, and held a knife to his throat." 258 S.W.3d 809, 811 (Mo. 2008) (en banc). As a result, the Missouri Supreme Court held that "[e]ven though Plaintiff alleges he did not remember the sexual details of these incidents, the conduct that he always remembered was sufficient to 'place a reasonably prudent person on notice of a potentially actionable injury.'" *Id.* (quoting *Powel*, 197 S.W.3d at 584). Similarly, in *Dempsey v. Johnston*, the plaintiff alleged that he had been a victim of two incidents of sexual abuse, involving "masturbation and oral sex." 299 S.W.3d 704, 705 (Mo. Ct. App. 2009). The plaintiff conceded that he "always remembered the abuse and knew it was wrong" but argued that "he did not know [until sometime later that] he had suffered substantial injuries as a result." *Id.* at 706. The Missouri Court of Appeals held that, absent an allegation of repressed memory, "Plaintiff's memories of the sexual abuse were sufficient to place a reasonably prudent person on inquiry notice of a potentially actionable injury." *Id.* at 706–07.

Here, Barrett's sexually abusive conduct, as alleged in Walker's complaint, was sufficient to place a reasonably prudent person on notice of a potentially actionable injury at the time the abuse occurred. As in *Marianist Province* and *Dempsey*, Walker has not alleged, or even argued, that he repressed the memories of Barrett's abuse. In fact, Walker has never disputed that he has always remembered the abusive conduct, which included "fellatio, forced fellatio, fondling[,] and masturbation." Admittedly, the alleged abuse is not as extreme or violent as the abuse in *Marianist Province*, 258 S.W.3d at 811, nor has Walker *explicitly* conceded that he always understood the abuse to be wrong, as in *Dempsey*, 299 S.W.3d at 706. Nonetheless, his complaint alleges "*forced* fellatio" (emphasis added), which implies some degree of

involuntariness, or even resistance, on Walker's part. This, in turn, implies that Walker, like the plaintiff in *Dempsey*, understood Barrett's abuse to be wrong at the time it occurred. In other words, the sexually abusive conduct, namely the forced fellatio, was sufficient to place a reasonably prudent person on notice of a potentially actionable injury at the time it occurred.

Nevertheless, Walker argues that his injuries were not capable of ascertainment because he had "assimilated the abuse as something else," thereby preventing him from understanding the wrongfulness of the abusive conduct. *Powel* notes that the "capable of ascertainment" standard "has special application to cases of repressed memory." 197 S.W.3d at 584. To date, no Missouri case has stated that the capable-of-ascertainment standard also has "special application" in cases where the plaintiff argues that he has "assimilated" the abuse. In essence, Walker asks this court, interpreting Missouri law, to recognize a new exception to Missouri's objective capable-of-ascertainment standard. We decline to do so. Instead, we hold that under *Marianist Province* and *Dempsey*, Barrett's abusive conduct was sufficient to place a reasonably prudent person on notice of potentially actionable injury at the time it occurred.

Accordingly, Walker's complaint establishes that his cause of action accrued in 1992, when he was 15 years old. The statute of limitations was tolled until Walker's 21st birthday, on November 22, 1998. Mo. Rev. Stat. § 516.170. Beginning from that date, Walker had five years—until November 22, 2003—to file his complaint. Mo. Rev. Stat. § 516.100. He did not file the present action until 2008. Thus, the district court correctly concluded that Counts 3, 4, 7, 8, and 9 were time-barred.

### 2. *Federal Claims*

Walker's claims under 42 U.S.C. § 1983 and Title IX are also time-barred. Neither § 1983 nor Title IX contains its own statute of limitation. Nevertheless, the Supreme Court has held that § 1983 claims accruing within a particular state should

be governed by that state's statute of limitations governing personal-injury claims. *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985), *superseded on other grounds by* 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379–80 (2004). Similarly, this court has held that Title IX claims are also governed by the state's personal injury statute of limitations. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 617–18 (8th Cir. 1995). Missouri imposes a five-year statute of limitations for personal injury actions. Mo. Rev. Stat. § 516.120.4 (governing "an action for . . . any other injury to the person or rights of another"). Thus, for the same reason Walker's state-law claims are time-barred by § 516.120.4, Walker's claims under § 1983 and Title IX are also time-barred.

B. *Dismissal of the Childhood Sexual Abuse Claim Against Barrett*

Walker also argues that the district court erroneously determined that his childhood sexual abuse claim against Barrett was time-barred. Walker maintains that the court applied the wrong standard to determine when the statute of limitations accrued. According to Walker, while the court concluded that Walker had "reasonably ascertained his injury" at age 15, Missouri Revised Statutes § 537.046 states that the cause of action accrues when the plaintiff "discovers" the injury. Under Missouri law, Walker argues, the "discovery" and "ascertainment of injury" standards are quite different because the discovery standard "depends on the subjective experience of the Plaintiff." Walker contends that he only began to discover the injuries resulting from Barrett's sexual abuse in 2006. As a result, he maintains that, even under the 1990 version of § 537.046, his cause of action had not accrued—much less expired—by the time the Missouri legislature amended the statute in 2004. Therefore, Walker argues that Barrett did not have a vested right to be free from suit, *see Doe*, 862 S.W.2d at 341, and, thus, the court should have applied the 2004 version of § 537.046 to his claim. Under the 2004 version of § 537.046, Walker would have had until his 31st birthday before the statute of limitations would have expired. Because Walker filed his suit before that date, he contends that his claim was timely.

The current version of Missouri Revised Statutes § 537.046.2, amended in 2004, states that a claim for childhood sexual abuse

> shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff *discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse*, whichever later occurs.

(Emphasis added.) The previous version of § 537.046.2, enacted in 1990, reads the same, except that it required the plaintiff to bring the action no later than *five* years after the plaintiff's *18th* birthday or three years after discovery of the injury. Contrary to Walker's assertion, the "discovery" standard in § 537.046, by incorporating a test for reasonableness, is not a purely subjective test.

Missouri courts have recognized the literal distinction between the "discovery" standard, under § 537.046, and the "capable of ascertainment" standard used for other causes of action. *See Harris v. Hollingsworth*, 150 S.W.3d 85, 88 (Mo. Ct. App. 2004) (recognizing that the "discovery" test in § 537.046 is an "alternative accrual test for childhood sexual abuse claims instead of the 'capable of ascertainment' test"); *Straub*, 128 S.W.3d at 162 ("Rather than reiterate the 'capable of ascertainment' standard set forth in [Mo. Rev. Stat. §] 516.100, the legislature created a new 'discovers or reasonably should have discovered' standard."). But, to date, Missouri courts have not addressed whether the discovery standard operates differently, in practice, than the capable-of-ascertainment standard. *See Hehner v. Hehner*, 918 S.W.2d 283, 284 n.2 (Mo. Ct. App. 1996) (noting that "the discovery provision of § 537.046 is worded differently than the 'capable of ascertainment' language found in § 516.100" but noting that Missouri courts have not addressed "[w]hether the provisions are different in fact"). Indeed, some Missouri courts have apparently treated the standards as functional equivalents. *See Dempsey*, 299 S.W.3d at 706–07 & n.3 (noting that the plaintiff's claims were governed by different statutes of limitations, including § 537.046, but concluding that all the claims were time-barred based on the date when

the plaintiff's "injuries" or "damages" were "capable of ascertainment"); *Ridder v. Hibsch*, 94 S.W.3d 470, 472–73 (Mo. Ct. App. 2003) (concluding that the statute of limitations for the childhood sexual abuse claim expired at the same time as the statute of limitations for the other claims, which accrued at the time of the alleged abuse).

Walker contends that the Missouri Court of Appeals's decision in *Straub* "explains that 'discovery' of injury differs from 'ascertainment of injury.'" In *Straub*, a daughter filed suit, alleging that her father had sexually abused her as a child by subjecting her to "deviate sexual intercourse and sexual contact." 128 S.W.3d at 159. She asserted several tort claims and a claim for childhood sexual abuse, pursuant to Missouri Revised Statutes § 537.046. *Id.* Prior to trial, the trial court dismissed all of the daughter's claims as barred by the statute of limitations, except for her claim for childhood sexual abuse. *Id.* at 160. At the trial for her childhood sexual abuse claim, the daughter testified that she always remembered the acts of sexual abuse but did not connect her psychological injuries and her damage to her childhood sexual abuse until "the end of 1998." *Id.* The father moved for a directed verdict at the close of all evidence, arguing that the daughter's childhood sexual abuse claim was barred by the statute of limitations in § 537.046. *Id.* at 160–61. The trial court denied the motion, explaining:

> *[Section § 537.046] doesn't talk about the damage of the abuse itself. It talks about and defines injury as something separate from that.* And so . . . if I was going to say as a matter of law as a reasonable person did she know about her sexual abuse, no problem. But this is talking about a separate injury that's defined by statute that's different from the abuse itself. And I think there's nothing that I can show as a matter of law that she should have reasonably associated that back with the events that happened.

*Id.* at 161 (emphasis added) (quoting the trial court). Thereafter, the father did not request a jury instruction on the statute-of-limitations question. *Id.* The jury found for the daughter, and the father appealed. *Id.*

On appeal, the Missouri Court of Appeals affirmed the trial court. *Id.* at 163. After concluding that the "new" accrual standard in § 537.046 applied to the daughter's claim, *id.* at 162–63, the court noted that the date when the daughter "realized she might be suffering from her injuries" brought her claim within the limitations period under § 537.046, *id.* at 163. Moreover, the court noted that the father had failed to seek a jury instruction and, thus, "waived the factual issue of when any of the periods of limitations may have run." *Id.* Accordingly, viewing the facts in the light most favorable to the daughter, the court of appeals concluded that the trial court did not abuse its discretion in denying the father's motions for a directed verdict, judgment notwithstanding the verdict, or new trial. *Id.*

Contrary to Walker's assertion, *Straub* tells us very little about how the discovery standard may differ, in practice, from the capable-of-ascertainment standard. Because the daughter did not appeal the dismissal of her tort claims—governed by the capable-of-ascertainment standard—the Missouri Court of Appeals had no occasion to discuss the difference, if any, between the two accrual standards. At most, *Straub* suggests that where a plaintiff alleges only psychological injuries under § 537.046, she *could* "discover"—at some date well after the abusive conduct—that her psychological injuries were caused by the childhood sexual abuse at some later date. But *Straub* does not foreclose the possibility that a plaintiff *could* discover his physical or psychological injuries at the time the abusive conduct occurs.

Moreover, the district court did not, as Walker suggests, apply the wrong accrual standard to his childhood sexual abuse claim against Barrett. The court explicitly concluded that Walker "reasonably could have (and in fact did, according to his complaint) discover that his injury or illness was caused by childhood sexual

abuse" before he turned 18. Although the court based its decision on its previous conclusion "that [Walker's] damages were capable of ascertainment by his 18th birthday," the court did not err, under Missouri law, by equating the two standards. *Dempsey*, 299 S.W.3d at 706–07; *Ridder*, 94 S.W.3d at 472–73. And as we explained *supra*, in Part II.A.1, the district court correctly concluded that Walker's injuries were capable of ascertainment at the time of the alleged abuse. For the same reasons, we conclude that Walker reasonably could have discovered that his injuries were caused by Barrett's alleged childhood sexual abuse—namely, the forced fellatio—at the same time.

Because Walker's complaint establishes that his claim for childhood sexual abuse accrued at the time of the abusive conduct, beginning in 1995, the version of § 537.046 in effect at that time required him to commence his action within five years of his 18th birthday, which was on November 22, 1995. Thus, as of November 22, 2000, Barrett acquired a "vested right to be free from suit," and the 2004 amendment to § 537.046 could not revive Walker's claim. *Doe*, 862 S.W.2d at 341. Accordingly, we affirm the district court's dismissal of Walker's childhood sexual abuse claim against Barrett.

C. *Dismissal of the Childhood Sexual Abuse Claim Against the School District and Hetherington*

Next, Walker argues that the district court erred in dismissing his childhood sexual abuse claim against the School District and Hetherington. He maintains that the court erroneously concluded that § 537.046 does not apply to nonperpetrator defendants. According to Walker, the plain language of the statute demonstrates that it applies "to defendants other than the individual who performed the physical acts of abuse" because § 537.046.1 only "defines the types of *acts* that constitute childhood sexual abuse—not who commits them." He contends that § 537.046 incorporates accessory liability because, under Missouri law, anyone who aids or abets someone in the commission of an offense (including one of the crimes listed in § 537.046) can

-14-

be guilty of the offense to the same extent as the principal offender. Moreover, according to Walker, § 537.046.2 permits *any* action that arises out of sexual abuse, and a claim for childhood sexual abuse based on an "aiding and abetting" or "ratification" theory would fall within the statute's "broad language." Walker maintains that he sufficiently pleaded both an aiding and abetting and a ratification theory of liability against the School District and Hetherington, and, as such, the district court erred in dismissing his claim.

Missouri appellate courts have not yet addressed whether a nonperpetrator can be held liable for childhood sexual abuse under § 537.046. Walker has cited no decisions from the Missouri Court of Appeals or the Missouri Supreme Court addressing the issue. Indeed, the only reported cases addressing this statute involve only perpetrator defendants. *E.g.*, *Straub*, 128 S.W.3d at 158; *cf. H.R.B. v. Rigali*, 18 S.W.3d 440, 443 (Mo. Ct. App. 2000) (noting only that "[t]he parties are in agreement that the statute of limitations [under] section 537.046 . . . does not apply to the facts of their case," which involved a suit against the perpetrator's employer). And based on the parties citations to various unpublished orders, it appears that Missouri trial courts have conflicting views on the issue. *Compare Graham v. McGrath*, No. 22032-02018, at 66 (Mo. Cir. Ct. Aug. 23, 2005) ("[Section] 537.046 makes no distinction between one who is guilty as an accessory and one who directly commits the offense"), *with Dempsey v. Johnston*, No. 22042-09280, at 3–7 (Mo. Cir. Ct. Mar. 10, 2008) (rejecting the plaintiffs' arguments that the perpetrator's employee could be held liable under § 537.046 under theories of aiding and abetting, respondeat superior, and ratification).

We look first to the statute. The statutory language itself suggests that a nonperpetrator defendant cannot be liable under this statute. Section 537.046(2) defines the statute of limitations for "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse." It does not, as Walker contends, apply to

all actions "arising from" childhood sexual abuse. Section 537.046.1(1) defines "childhood sexual abuse" as:

> any act *committed by the defendant* against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030 [rape], 566.040 [sexual assault], . . . 566.060 [forcible sodomy], 566.070 [deviate sexual assault], . . . 566.090 [first degree sexual misconduct], 566.100 [sexual abuse], . . . or section 568.020 [incest] . . . .

A nonperpetrator defendant could not cause injury or illness by "childhood sexual abuse," as that term is defined, because such a defendant necessarily has not *committed* one of the enumerated acts. While Missouri law does hold an aider and abettor criminally liable to the same extent as the principal offender, *State v. Kobel*, 927 S.W.2d 455, 459 (Mo. Ct. App. 1992), § 537.046 does not enumerate the statute criminalizing aiding and abetting, Missouri Revised Statutes § 562.041, as one of the acts that constitutes "childhood sexual abuse." Accordingly, we conclude that the Missouri legislature did not intend to subject nonperpetrator defendants to liability under § 537.046. *Accord Doe HL v. James*, No. 4:05-CV-2032, 2006 WL 6677124, at *3 (E.D. Mo. Aug. 15, 2006) (concluding that "[t]he statute defining childhood sexual abuse does not make an unincorporated association responsible for childhood sexual abuse" and that "plaintiff cannot assert a claim of childhood sexual abuse . . . against the [unincorporated association] based on a theory of agency ratification").

Even if Walker could sue the School District and Hetherington for childhood sexual abuse, under an aider/abettor or a ratification theory of liability, he has not pleaded any factual basis for such claims. Instead, he merely alleged that the School District and Hetherington "aided and abetted Defendant Barrett's childhood sexual abuse" and "condoned and ratified the unlawful and abusive conduct . . . by failing to repudiate it." These legal conclusions, without any supporting factual allegations, are insufficient to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading

-16-

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Thus, the district court properly dismissed Walker's childhood sexual abuse claim against the School District and Hetherington.

### D. *Denial of Walker's Motion to Amend His Complaint*

Finally, Walker argues that the district court erred in denying Walker's motion for leave to amend his complaint. He contends that the court should have allowed him to plead additional facts showing that his claims should not be dismissed. For example, in his childhood sexual abuse charge, he sought to allege that the School District and Hetherington knew about Barrett's abusive conduct and allowed it to continue, thereby showing their liability under an accessory or ratification theory. In addition, Walker also sought to add an allegation that "[t]he sexual abuse . . . caused [Walker] to develop various psychological coping mechanisms" that prevented him from "know[ing] that he was a victim of sexual abuse."

We typically review for abuse of discretion the district court's denial of leave to amend a complaint, but when the district court bases its denial on the futility of the proposed amendments, "we review the underlying legal conclusions de novo." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quotation and citation omitted).

The district court did not err in denying as futile Walker's motion to amend. Walker argues that his amendments would have sufficiently established aider/abettor or ratification liability on the childhood sexual abuse claim for the School District and Hetherington. As explained *supra*, in Part II.C, however, Missouri Revised Statutes § 537.046 (governing claims for childhood sexual abuse) does not impose liability on nonperpetrator defendants. Moreover, as explained *supra*, in Part II.A.1, Walker's allegation of "psychological coping mechanisms" (presumably a reference to his argument that he had "assimilated the abuse as something else") would not alter our conclusion that his injuries were capable of ascertainment at the time of the abusive

conduct. Because none of the proposed amendments would have prevented Walker's claims from being dismissed (for failure to state a claim or for expiration of the statute of limitations), the district court did not err in refusing to allow them.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____