# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 12-1486

_____

Jeremiah Johnson,

        Appellant,

v.

Mel Foster Co. Insurance, Inc.;
Suzanne M. Martens,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: July 5, 2012
Filed: July 16, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeremiah Johnson appeals following the district court's[1] dismissal of his complaint. For reversal, he asserts for the first time that the judge was biased against him, and he argues that the court erred in dismissing his claim under the Privacy Act, 5 U.S.C. § 552a.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

To begin, we need not consider Johnson's assertion of judicial bias, see In re Medlock, 406 F.3d 1066, 1073 (8th Cir. 2005) (appellant waived argument that he was tried by biased judge where he failed to raise issue in district court in accordance with 28 U.S.C. § 144), but, in any event, we perceive it to be meritless, see Perkins v. Spivey, 911 F.2d 22, 33 (8th Cir. 1990) (disqualification is appropriate only if facts would provide objective, knowledgeable member of public with reasonable basis for doubting judge's impartiality).

Moreover, following careful de novo review of the dismissal, see Walker v. Barrett, 650 F.3d 1198, 1203 (8th Cir. 2011) (standard of review), we agree with the district court that Johnson failed to state a claim under the Privacy Act, see Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985) (civil remedy provisions of Privacy Act do not apply against private individuals and entities); cf. Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (private party's mere invocation of state legal procedures does not constitute state action).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____