**STATE of Missouri ex rel. John Joseph CAMILLO and Mignon Chismarich, Relator,**

**v.**

**Honorable James BECK, Associate Circuit Judge, Circuit Court of Lincoln County, Missouri, Respondent.**

No. ED 100427.

Missouri Court of Appeals, Eastern District, Writ Division I.

Oct. 15, 2013.

Robert E. Perry, IV, Kristin M. Perry, Bowling Green, MO, for relators.

John Morthland, Hannibal, MO, for respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Relators have filed a Petition for Writ of Prohibition along with Suggestions in Support with Exhibits, requesting that this Court prohibit the Honorable James Beck, Associate Circuit Judge, Circuit Court of Lincoln County, Missouri, from compelling Relator to execute the authorizations for release of medical information pursuant to Judge Beck's September 13, 2013 order. Respondent filed an answer. In accordance with Rule 84.24, the Court dispenses with further briefing and oral argument. The Court makes the preliminary order in prohibition permanent.

## FACTS

Relators brought suit against Defendant the City of Bowling Green Missouri for personal injuries stemming from a motor vehicle collision and the subsequent actions of Defendant's employee. On September 5, 2013, Defendant requested that Relators sign an updated authorization for release of confidential medical information. Relators objected, and Defendant filed a motion to compel Relators to execute the authorization. On September 13, 2013, Respondent granted Defendant's motion to compel.

## DISCUSSION

■■ "Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *State ex rel. Proctor v. Messina*, 320 S.W.3d 145, 147 (Mo. banc 2010) (quoting *State ex rel. Marianist Province of the U.S. v. Ross*, 258 S.W.3d 809, 810 (Mo. banc 2008)). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *State ex rel. Mo. Pub. Defender Comm'n v. Pratte*, 298 S.W.3d 870, 881 (Mo. banc 2009).

Relators argue that Respondent has exceeded his power by ordering Relators to execute an authorization for release of medical information that is overly broad and would permit Defendant's counsel to communicate ex parte with Relator's healthcare providers. Respondent argues that Relator waived these objections by placing their medical information at issue in the litigation.

■■ It is true that "once the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under section 491.060(5) [R.S.Mo. (2000) ] so far as information from doctors or medical and hospital records bearing on that issue is concerned." *Brandt v. Med. Def. Assocs.*, 856 S.W.2d 667, 671 (Mo. banc 1993) (quoting *State ex rel. McNutt v. Keet*, 432 S.W.2d 597, 601 (Mo. banc 1968)). However, any "such disclosure [of medical information] must be under the supervisory authority of the court either through discovery or through other formal court procedures." *Proctor*, 320 S.W.3d at 156. The trial court must have discretion to control the flow of information by "issu[ing] orders relating to the parameters of interrogatories, depositions, production of documents, requests for admission, physical and mental examinations, and discovery sanctions." *Id.* at 158. "[A] plaintiff *cannot* be compelled by a trial court to sign an authorization consenting to ex parte communications with his treating physicians in favor of defendants or their attorneys." *Id.* at 157 (emphasis added).

■■ We believe that the authorization for release of medical information subject

to Judge Beck's September 13, 2013 order would enable just such ex parte communication. The authorization broadly purports to allow Defendant's firm "personal review" of any and all of Relators' medical information, and to "orally discuss" said information with Relators' doctors. It contains no restrictions on the methods by which such disclosures must be made, i.e., those of judicially supervised discovery. Likewise, we believe that the authorization is overly broad. It contains no limit on the scope of disclosure of patient information, i.e., only disclosures relevant to the issue being tried. An authorization compelled in the course of litigation must be narrowly tailored to protect against "the potential risks to the physician-patient relationship" inherent in the disclosure of confidential medical information. *See id.* at 158. Vague, broad, or open-ended authorizations simply will not do.

### CONCLUSION

Accordingly, the Court makes the preliminary order in prohibition permanent. The Court orders Judge Beck to refrain from compelling Relators to execute the authorizations for release of medical information pursuant to his September 13, 2013 order.

SHERRI B. SULLIVAN, J., and KURT S. ODENWALD, JR., J., Concur.