In the
 Missouri Court of Appeals
 Western District
RICHARD D. SCHAFFER, )
 )
 Appellant, ) WD83380
 )
v. ) OPINION FILED: May 4, 2021
 )
MICKEY J. HOWARD, )
 )
 Respondent. )

 Appeal from the Circuit Court of Saline County, Missouri
 The Honorable Russell J. Kruse, Judge

 Before Division Three: Thomas H. Newton, Presiding Judge, Gary D. Witt, Judge and
 W. Douglas Thomson, Judge

 Richard Schaffer ("Schaffer") appeals from the judgment of the Circuit Court of

Saline County dismissing his breach of implied contract claim and entering judgment in

favor of Mickey Howard ("Howard") on Schaffer's fraud claim. We affirm.

 Factual and Procedural Background1

 In September of 2012, Schaffer asked a friend to deliver a 1986 BMW 325

automobile ("the vehicle") to Howard's place of business, Extreme Auto Gallery, LLC,

("Extreme Auto") so that Howard could sell the vehicle on Schaffer's behalf. The

 1
 "In the appeal of bench-tried case, the appellate court views the facts in the light most favorable to the
trial court's judgment." Maly Com. Realty, Inc. v. Maher, 582 S.W.3d 905, 907 n.1 (Mo. App. W.D. 2019).
Petition alleged that Schaffer and Howard had entered into an implied contract wherein

Howard agreed to sell the vehicle for a fee of $250.00 per month, which would be

subtracted from the vehicle's sale price of $2,000.00.2 Shortly after the delivery, Howard

examined the vehicle and found that the clutch was not working properly, the vehicle

smelled of mouse urine, and a rocker panel was damaged. Howard contacted Schaffer

with a list of items that needed to be repaired and an estimate of the costs. Schaffer

refused to repair any of the items, and Howard refused to sell the vehicle in its unrepaired

condition.

 Howard contacted Schaffer within one week of the delivery, and on numerous

subsequent occasions, and requested that Schaffer retrieve the vehicle. Schaffer did not

come to Extreme Auto between the time the vehicle was delivered in September of 2012,

until June of 2014. At that time, Howard informed Schaffer there was a daily $5.00

storage fee, which Schaffer refused to pay. Schaffer lived in Independence, Missouri and

drove to Marshall, Missouri without a second driver nor any means to collect the vehicle.

When Schaffer left Extreme Auto, he did not take the vehicle with him.

 Five years later, on July 1, 2019, Schaffer filed his Petition in the small claims

division of the circuit court ("small claims court"), and on September 17, 2019, Schaffer

filed an Amended Petition alleging that Schaffer and Howard had entered into an implied

contract wherein Howard agreed to sell the vehicle for a fee of $250.00 per month, which

would be subtracted from the vehicle's sale price of $2,000.00. He also alleged that when

 2
 At trial, Schaffer testified that the agreement was that Howard would be paid a single $250 fee for the sale
of the vehicle as well as $30 per month until it was sold. This discrepancy is not relevant to our analysis of the legal
issues presented.

 2
he went to Extreme Auto in June of 2014, he attempted to retrieve the vehicle but felt

threatened by Howard's behavior and demeanor and left the vehicle at Extreme Auto. He

further alleged that Howard stole his title and ownership interest in the vehicle.

Schaffer's Petition is far from clear and appears to raise numerous claims, which can best

be categorized as claims for breach of an implied contract and fraud.3 On July 29, 2019,

Howard filed a Motion to Dismiss asserting that: 1) Schaffer failed to state a cause of

action for which relief can be granted; 2) Schaffer failed to name a proper party; and 3)

Schaffer's claims were barred by the statute of limitations.4

 On September 17, 2019, the small claims court conducted a bench trial, and on

September 27, 2019, the small claims court entered judgment in favor of Howard and

against Schaffer on all claims. On October 4, 2019, Schaffer filed an Application for

Trial De Novo. On November 22, 2019, the circuit court ("trial court") conducted a de

novo bench trial, and after Schaffer rested his case in chief, Howard renewed his Motion

to Dismiss. The trial court granted Howard's Motion to Dismiss as to the claim of breach

of implied contract holding that the statute of limitations had run on the claim prior to the

Petition being filed, but the trial court did not dismiss the claim of fraud holding that it

had a ten-year limitation pursuant to section 516.120(5). After the conclusion of all of

 3
 Specifically, Schaffer denominated his claims as "chief complaints" and listed: fraud, auto theft, financial
exploitation of an elderly person or person with a disability, and deceptive business practice, but it is clear from the
judgment that the trial court considered these claims were for breach of contract and fraud. The trial court's
characterization of the claims is not challenged on appeal.
 4
 The relevant statute of limitations for breaches of contract and for claims of fraud is contained within
section 516.120 RSMo (2016), and all subsequent statutory references are to the Revised Statutes of Missouri
(2016).

 3
the evidence, the trial court entered judgment in favor of Howard on the fraud claim.

This appeal by Schaffer timely followed.

 Discussion

 Schaffer raises three points on appeal. First, he asserts the trial court erred in

dismissing his claim for breach of implied contract because the claim was not barred by

the statute of limitations in that Schaffer's injury occurred in June of 2014 and Schaffer

filed his Petition on July 1, 2019. Second, he argues the trial court erred in entering

judgment in favor of Howard and against Schaffer in that there is no substantial evidence

to support any of the trial court's factual findings regarding Schaffer's fraud claim. Third,

he asserts the trial court erred in entering judgment in favor of Howard and against

Schaffer because there is no evidence to suggest that Schaffer ever agreed to the transfer

of the vehicle's title and Howard failed to present any evidence to suggest on what

authority he transferred title to the automobile. We address these claims in turn.

 Point One

 In his first point relied on, Schaffer argues the trial court erred in dismissing his

claim for breach of implied contract because that claim was not barred by the statute of

limitations in that Schaffer's injury occurred in June of 2014 and Schaffer filed his

Petition on July 1, 2019.

 Standard of Review

 Rule 73.01(b) provides that "[a]fter the plaintiff has completed presentation of

plaintiff's evidence, a defendant may move by motion for judgment on the grounds that

upon the facts and law the plaintiff is not entitled to relief." Thus, a dispositive motion

 4
made after the plaintiff's evidentiary presentation has closed is treated as a judgment on

the merits. Therefore, we will affirm the trial court's judgment of a Rule 73.01 motion

"unless we find that 'there is no substantial evidence to support it, it is against the weight

of the evidence, or it erroneously declares or applies the law.'" Sw. Bell Tel. Co. v.

Ahrens Contracting, Inc., 366 S.W.3d 602, 606 (Mo. App. E.D. 2012) (citing Nautilus

Ins. Co. v. I-70 Used Cars, Inc., 154 S.W.3d 521, 527 (Mo. App. W.D. 2005)). When

presented with an issue of mixed questions of law and fact, we defer to the factual

findings made by the trial court so long as they are supported by competent substantial

evidence, but will review de novo the application of the law to those facts. Pearson v.

Koster, 367 S.W.3d 36, 44 (Mo. banc 2012).

 Analysis

 Section 516.120(1) provides that certain actions must commence within five years

including:

 All actions upon contracts, obligations or liabilities, express or implied,
 except those mentioned in 516.110, and except upon judgments or decrees
 of a court of record, and except where a different time is herein limited[.][5]

The statute of limitations begins to run when the circumstances would place a reasonably

prudent person on notice of a potentially actionable injury. Dempsey v. Johnston, 299

S.W.3d 704, 706 (Mo. App. E.D. 2009). The trial court found, based on testimony that it

found credible, that Schaffer had a friend deliver the vehicle to Extreme Auto in

September of 2012, and after inspecting the vehicle, Howard contacted Schaffer with a

 5
 Section 516.110(1) imposes a ten-year limitation for "action[s] upon any writing, whether sealed or
unsealed, for the payment of money or property[.]" Because Schaffer does not allege the agreement between
Schaffer and Howard was in writing, the agreement is not governed by the ten-year limitation contained within
section 516.110(1).

 5
list of items that needed to be repaired before the vehicle could be sold. Schaffer refused

to repair any of the items, and one week after the vehicle's delivery, Howard requested

that Schaffer pick up the vehicle. Schaffer did not attempt to pick up the vehicle until

almost two years later in June of 2014. Therefore, to the extent that an implied contract

existed between Howard and Schaffer, a reasonable person in Schaffer's position would

have been on notice that Howard either breached or attempted to unilaterally terminate

that contract when Howard requested Schaffer pick up the vehicle in September or

October of 2012. Thus, the statute of limitations started to run at the latest in October of

2012, and because Schaffer did not file his Petition until July 1, 2019, more than five

years after the alleged breach, the trial court correctly held that his claims arising from

the breach of the implied contract were barred by the statute of limitations.6

 Point One is denied.

 Points Two and Three

 In his second and third points, Schaffer argues that the trial court erred in finding

that Howard did not engage in any fraud in that: (1) the vehicle is not titled in Schaffer's

name and Howard "clearly refused to allow [Schaffer] to have access to the [vehicle];"

and (2) there is no evidence to suggest that Schaffer agreed to transfer the vehicle's title to

Howard; and (3) Howard failed to present any evidence to suggest on what authority he

transferred the vehicle's title. We discuss these points together for ease of analysis.

 6
 The trial court held that Schaffer's claims of fraud were not time-barred pursuant to section 516.120(5),
which has been interpreted to mean that "a claim for fraud must be brought within five years from the date the cause
of action accrued, i.e., the date the facts constituting the fraud were discovered or, with reasonable diligence, could
have been discovered, but no longer than ten years after they occurred." Boland v. Saint Luke's Health Sys., 588
S.W.3d 879, 882 (Mo. banc 2019). The trial court's decision regarding the application of the statute of limitations to
Schaffer's fraud claim is not challenged on appeal.

 6
 Standard of Review

 On appeal of a bench-tried case, the trial court's judgment will be affirmed
 unless there is no substantial evidence to support it, it is against the weight
 of the evidence, or it erroneously declares or applies the law. A claim that
 there is no substantial evidence to support the judgment or that the
 judgment is against the weight of the evidence necessarily involves review
 of the trial court's factual determinations. An appellate court will overturn
 a trial court's judgment under these fact-based standards of review only
 when the court has a firm belief that the judgment is wrong.

Sauvain v. Acceptance Indem. Ins. Co., 437 S.W.3d 296, 302 (Mo. App. W.D. 2014)

(internal citations and quotations omitted). We view the evidence in the light most

favorable to the circuit court's judgment and need not consider contrary evidence and

defer to the trial court's credibility determinations. Ivie v. Smith, 439 S.W.3d 189, 200

(Mo. banc 2014). Schaffer's arguments misconstrue our standard of review in arguing

that his testimony should be found to be more credible than Howard's and arguing that we

should rule in his favor because Howard failed to present evidence to support certain

issues. This court is not a fact-finding court, we defer to the trial court's findings

regarding the credibility of witnesses. Further, because Howard did not bring any claims

against Schaffer, Howard did not bear the burden of proof on any issue, and it was solely

Schaffer's burden to present sufficient credible evidence to support each element of his

claims against Howard.

 Analysis

 There are nine elements necessary to establish a claim of fraud: "1) a

representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or

his ignorance of its truth; 5) the speaker's intent that it should be acted on by the person

 7
and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the

representation; 7) the hearer's reliance on the representation being true; 8) his right to rely

thereon; and, 9) the hearer's consequent and proximately caused injury." Boland v. St.

Luke's Health Sys,, 588 S.W.3d, 879, 883 n.7 (Mo. banc 2019) (quoting Heberer v. Shell

Oil Co., 744 S.W.2d 441, 443 (Mo. banc 1988)). A claim of fraud will fail, if a plaintiff

fails to establish any one of these elements. CADCO, Inc. v. Fleetwood Enters., Inc., 220

S.W.3d 426, 436 (Mo. App. E.D. 2007).

 In the instant case, Schaffer asserts that he was injured because Howard

improperly transferred title to the vehicle to himself and Howard unlawfully deprived

Schaffer of possession of the vehicle. However, Howard testified as to multiple phone

calls to Schaffer requesting that he retrieve the vehicle starting shortly after it was

delivered, and the trial court specifically found that Howard did not "deny [Schaffer] the

right to remove the vehicle from [Extreme Auto]" in June of 2014. Further, the trial court

found that Schaffer "came from Independence, Missouri to Marshall, Missouri with no

second driver nor any means to collect the vehicle," and that "[t]he vehicle is still titled in

[Schaffer's] name[.]" Schaffer contends these factual findings are not supported by

substantial evidence. We disagree.

 Howard testified that he and Schaffer never reached an agreement regarding the

sale of the car, because Schaffer did not want to pay for the repairs that Howard felt were

necessary before the car could be sold. In his testimony regarding the incident in June of

2014, Howard denied that he blocked Schaffer from gaining access to the vehicle.

 8
Further, Howard testified that he made numerous requests to Schaffer over the course of

several years for Schaffer to retrieve the vehicle.

Schaffer testified that:

 [Howard] denied me the privilege of taking my car. I had a friend with a
 truck and trailer standing by available to drive to Marshall to pick the car
 up on that day. He denied me access to it. He stood in front of me and
 would not allow me to get to my car, and he said he did not; he did.

In an exchange between the trial court and Schaffer, the court stated:

 But I don't find that credible. To be honest with you, I don't find that he
 stopped you from taking your car. I find that you chose for whatever
 reason not to pick it up or maybe you didn't even have the ability to pick it
 up, and you waited five more years before you took any action at all.

 "In a court-tried civil case it is the court's duty to judge the credibility of the

witnesses and the weight to be given to their testimony. The judge is free to believe

none, part, or all of the testimony and chooses between conflicting evidence." White v.

R.L. Persons Constr., Inc., 503 S.W.3d 339, 342 (Mo. App. S.D. 2016). In the instant

case, Schaffer and Howard presented conflicting testimony, and the trial court found

Howard's testimony more credible than Schaffer's testimony. Furthermore, the trial court

found that Schaffer was still the title owner of the vehicle, and Schaffer did not produce

any evidence that Howard ever had the vehicle retitled in Howard's name. In fact,

Schaffer testified himself that the title "has my name on it and my signature on it," and in

one exchange, the court stated: "I don't think anybody has any dispute about who has

their name on the title of that vehicle from the evidence that I've heard thus far." Schaffer

failed to meet his burden to prove through credible evidence that he had sustained an

injury from Howard's alleged fraud because he failed to demonstrate that either the

 9
vehicle was wrongly titled in Howard's name or that Howard prevented Schaffer from

retrieving his vehicle at any time and specifically did not prevent him from retrieving it in

June of 2014.

 Points Two and Three are denied.

 Conclusion

 We affirm.7

 Gary D. Witt, Judge

All concur

 7
 On December 8, 2020, Howard filed a Motion for Sanctions pursuant to Rule 84.19 (2020), which was
taken with the case; that Motion is denied.

 10